JOHN MASON - State Bar No. 51116
jmason@glaserweil.com
PATRICIA L. GLASER - State Bar No. 55688
pglaser@glaserweil.com
ADAM LEBERTHON - State Bar No. 145226
aleberthon@glaserweil.com
GLASER WEIL FINK JACOBS
HOWARD AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

Attorneys for Plaintiff Zhang Ziyi

FILED
2012 JUN 14 PM 3:19
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ZHANG ZIYI, an individual,

Plaintiff,

v.

CHINA FREE PRESS, INC., a North Carolina non-profit corporation doing business as BOXUN NEWS; WEICAN NULL MENG, an individual also known as WATSON MENG and also known as WEICAN "WATSON" MENG; DOES 1-25, inclusive,

Defendants.

CASE NO.: CV 12-5216 -DMG (PLAx)

**COMPLAINT FOR:**

**(1) LIBEL *PER SE***
**(2) FALSE LIGHT INVASION OF PRIVACY**
**(3) INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**
**(4) NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**
**(5) UNLAWFUL BUSINESS PRACTICES (VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, *ET SEQ.*)**

**[JURY TRIAL DEMANDED]**

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

766220

Plaintiff Zhang Ziyi alleges against defendants China Free Press, Inc. dba Boxun News, Weican Null Meng (also known as Watson Meng and/or Weican "Watson" Meng), and DOES 1 through 25, inclusive (collectively, "Defendants") as follows:

**NATURE OF ACTION**

This action is necessary to restore the reputation and vindicate the rights of Plaintiff Zhang Ziyi, an international motion picture actress. Boxun News has repeatedly published reports that she is a prostitute who has earned over $100 million for having sexual relations with Chinese government officials and others, and these reports have been republished by other media outlets around the world. Boxun News has since refused to print a retraction and has instead stated publicly that the reports are "believed to be true." But none of the underlying reports are true, and Boxun News never had any legitimate basis to publish them. It never contacted Ms. Zhang before it published the reports to confirm any of the alleged "facts" or obtain a comment from her. Indeed, Boxun News never even revealed the source of any of the defamatory statements about Ms. Zhang. Instead, all of the reports were published anonymously and attributed only to unnamed sources. According to the Boxun News website, its mission is to "become the #1 most trusted Chinese online news service by insisting on 'Independence' and 'Journalistic Objectivity.'" Boxun News has apparently abandoned this mission in its quest for salacious headlines at the expense of Ms. Zhang. She now seeks, *inter alia*, general and special damages for the injuries caused to her reputation and business interests.

**JURISDICTION**

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties, and the matter in controversy exceeds the sum or value of $75,000.

GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
LAW OFFICES
10250 Constellation Boulevard
Nineteenth Floor
Los Angeles, California 90067
(310) 553-3000

## THE PARTIES

2. Plaintiff Zhang Ziyi ("Plaintiff") is an individual who resides in China. She is an international motion picture actress and, as part of her business in the entertainment industry, she maintains a business office in the County of Los Angeles, California, and she regularly conducts business in the County of Los Angeles. In fact, as a world-wide center of the entertainment industry, much of the business conducted by Plaintiff around the world is handled in Los Angeles.

3. Defendant China Free Press, Inc. ("China Free Press") is a non-profit corporation organized under the laws of the State of North Carolina. Plaintiff is informed and believes, and based thereon alleges, that the principal place of business of China Free Press is in Durham, North Carolina. At all relevant times, China Free Press does business as and publishes an online internet newspaper under the name Boxun News using the web addresses http://boxun.com and http://boxun.us. Plaintiff is informed and believes, and based thereon alleges, that China Free Press also runs a blog using the web address http://www.boxunblog.com. Boxun News is an international publication targeted towards Chinese readers around the world, including readers located in the State of California. Plaintiff is informed and believes, and based thereon alleges, that Boxun News seeks and attracts a nationwide audience in the United States and is actively cultivating this audience for its own commercial benefit.

4. Defendant Weican Null Meng ("Meng") is an individual who resides in Durham, North Carolina. Meng is also known as Watson Meng and Weican "Watson" Meng.

5. Plaintiff is unaware of the true names and capacities, whether individual, corporate, associate, or otherwise, of defendants designated as DOES 1 through 25, inclusive, and therefore sues such defendants by such fictitious names. Plaintiff is informed and believes, and based thereon alleges, that each and every fictitiously named defendant is responsible in some manner for Plaintiff's damages alleged

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 Constellation Boulevard
Nineteenth Floor
Los Angeles, California 90067
(310) 553-3000

herein. Plaintiff will amend or seek leave to amend this Complaint as appropriate and provide the name of each fictitiously named defendant as the identity of each becomes known.

6. Plaintiff is informed and believes, and based thereon alleges, that Meng and the DOES 1-25, inclusive, willfully, knowingly, oppressively, and maliciously conspired and agreed among themselves to manufacture and publish false and defamatory statements about Plaintiff on the Boxun News websites in order to damage her, harm her, expose her to hatred, contempt, ridicule and obloquy, damage her business, and wrongfully promote their own business interests at the expense of Plaintiff.

7. Plaintiff is informed and believes, and based thereon alleges, that there exists, and at all times relevant existed, a unity of ownership between defendant China Free Press and defendant Meng, such that any individuality and separateness between them has ceased. China Free Press and Meng are, and at all relevant times were, the alter ego of each other. Under the circumstances, adherence to the fiction of the separate existence of defendants China Free Press and Meng, as distinct from one another, would promote injustice by protecting one from the prosecution for their own wrongful acts committed under the name of the other.

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 Constellation Boulevard
Nineteenth Floor
Los Angeles, California 90067
(310) 553-3000

## ALLEGATIONS COMMON TO ALL CLAIMS

8. Plaintiff is an internationally renowned motion picture actress. She has appeared in numerous films, including but not limited to *Crouching Tiger, Hidden Dragon* (2000), *Rush Hour 2* (2001), *Hero* (2002), *House of Flying Daggers* (2004), *Memoirs of a Geisha* (2005), and *Horsemen* (2009). Plaintiff is informed and believes, and based thereon alleges, that her films have grossed nearly $500 million in the United States alone, and over $1 billion worldwide. In addition, Plaintiff has been nominated and won several awards for her acting. By way of example only, in 2001 Plaintiff received awards for "Most Promising Actress" from the Chicago Film Critics

Association and "Best Supporting Female Actress" from the Independent Spirit Awards. Likewise in 2006, Plaintiff received a Golden Globe nomination from the Hollywood Foreign Press Association for "Best Supporting Actress in a Motion Picture – Drama."

9. Plaintiff has also appeared in numerous products commercials broadcast and/or published across various media throughout the world, especially in China, Hong Kong, Macao, and Taiwan. In addition, Plaintiff also appears as an international spokesperson for various luxury and branded products. The Plaintiff enjoys an excellent reputation throughout the world, especially in the China, Hong Kong, Macao and Taiwan. She has been voted one of "The Time 100," which is Time magazine's list of the world's most influential people, and she was featured as the face of China in Newsweek's feature story "China's Century."

10. On or about May 28, 2012, Defendants published, or caused to be published, on the Boxun News website, including without limitation http://boxun.com, an article that provided extensive details of outlandish payments allegedly made to her for having sexual relations with a former Chinese official, a Chinese billionaire, and unnamed "other senior officials" in China. A true and correct copy of the article, including English translation, is attached hereto as Exhibit A.

11. On or about May 30, 2012, Defendants also published, or caused to be published, on the Boxun News website, including without limitation http://boxun.com, an article that allegedly "confirmed" that Plaintiff had a "sexual relationship with a former Chinese official and stated that she was being questioned by Chinese authorities who had banned her from leaving mainland China. A true and correct copy of the article, including English translation, is attached hereto as Exhibit B.

12. Incredibly, on or about June 3, 2012, Defendants published, or caused to be published, another article on the Boxun News website, including without limitation http://boxun.com, threatening to retaliate against Plaintiff if she attempted to defend

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 Constellation Boulevard
Nineteenth Floor
Los Angeles, California 90067
(310) 553-3000

herself against the false and malicious accusations that they have leveled against her, saying that "if she continues to act, [they] will continue to massively disclose the details of the dates she had with several billionaires." A true and correct copy of the article, including English translation, is attached hereto as Exhibit C.

13. The three articles dated May 28, May 30 and June 3, 2012, are hereinafter referred to collectively as "the Articles." The Articles are listed on the boxun.com website as some of "the recent most popular" articles published on the site.

14. Subsequent to their publication, the Articles were picked up and promptly republished by other media outlets around the world, including but not limited to Apple Daily (Hong Kong), Apple Daily (Taiwan), Next Magazine, AsiaOne, Yahoo! Hong Kong, Yahoo! Taiwan, CNN, Variety, Entertainment Television, The Huffington Post, and countless others.

15. None of the libelous statements about Plaintiff are true, and Defendants never had any legitimate basis to publish any of these libelous statements.

16. Defendants never contacted Plaintiff before publishing the libelous statements. Furthermore, Defendants never revealed the source of any of the libelous statements about Plaintiff. Instead, the Articles were published anonymously and attributed to unnamed sources such as "intelligence" and "different sources of information."

17. Under the circumstances, it is clear that Defendants either knew the libelous statements were false at the time they published them, or caused them to be published, or they published them or caused them to be published with reckless disregard for the truth.

18. On or about June 6, 2012, Plaintiff's counsel served China Free Press and Meng with a letter demanding, *inter alia*, that they (a) remove the Articles from the Boxun News website, (b) publish a full and complete retraction, and (c) apologize for the harm they caused Plaintiff. A true and correct copy of the demand letter is

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 Constellation Boulevard
Nineteenth Floor
Los Angeles, California 90067
(310) 553-3000

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 Constellation Boulevard
Nineteenth Floor
Los Angeles, California 90067
(310) 553-3000

attached hereto as Exhibit D. Defendants have failed and refused, and continue to fail and refuse, to retract the defamatory statements contained in the Articles as requested by Plaintiff and as required by law. Instead, in response to Plaintiff's demand, counsel for Defendants issued a letter dated June 6, 2012, denying that the Articles contained any "defamatory words" about Plaintiff and saying that Boxun News "merely published what it believed to be true." A true and correct copy of the letter from William J. Marvin of Huang, Tang, and Marvin, LLP is attached hereto as Exhibit E. In addition, Defendants published, or caused to be published, on the Boxun News website, including without limitation http://boxun.com, yet another article which is substantially similar to the letter issued by Defendants' counsel stating that the defamatory statements contained in the Articles are "believed to be true." A true and correct copy of the article, without English translation, is attached hereto as Exhibit F.

**FIRST CLAIM FOR RELIEF**

**(Libel Per Se Against All Defendants)**

19. Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 18 inclusive, as if fully set forth herein.

20. The Articles published by Defendants are false, and they are libelous on their face. They clearly expose Plaintiff to hatred, contempt, ridicule and obloquy, and cause Plaintiff to be shunned or avoided because they accuse her of : (1) being a prostitute; (2) having sexual intercourse with a former politician, a billionaire, other unnamed "senior officials" in China, and other unnamed wealthy businessmen for money; (3) earning in excess of $100 million as a prostitute; and (4) being under investigation by Chinese government authorities and being banned from leaving China.

21. The Articles were seen and read by countless persons around the world and in Los Angeles, California, which is a world-wide center of the entertainment industry.

22. On June 6, 2012, and within twenty days after Plaintiff learned of the publications of the Articles, Plaintiff's counsel served China Free Press and Meng with a demand that they issue a retraction and publish an apology. Defendants have failed and refused, and continue to fail and refuse, to retract the defamatory statements contained in the Articles as requested by Plaintiff and as required by law. Instead, and in response to Plaintiff's demand, Defendants have published yet another article stating that the defamatory statements contained in the Articles are "believed to be true." This is legally insufficient under California Civil Code § 48a(3).

23. As a direct and proximate result of the publication of the Articles, Plaintiff has suffered loss of her reputation, shame, mortification, and hurt feelings, all to her general damage. As a further direct and proximate result of the publication of the Articles, Plaintiff has suffered special damages to her business, the full nature, extent, and amount of these damages are currently unknown. Plaintiff will amend this Complaint at or before trial to include further information about such damages if such amendment is deemed necessary by the Court.

24. The acts of Defendants were willful, oppressive, and malicious in that they never had any legitimate basis to publish the Articles. They never contacted Plaintiff before publishing the Articles to confirm any of the purported "facts" or obtain a comment from her. Furthermore, the Articles do not disclose either the name of the person who supposedly wrote them or the source of any of the defamatory statements about Plaintiff. Instead, the Articles were published by Boxun News anonymously and attributed only to unnamed sources such as "intelligence" and "different sources of information." Under the circumstances, Defendants either knew the articles were false at the time they published them, or they published them in

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 Constellation Boulevard
Nineteenth Floor
Los Angeles, California 90067
(310) 553-3000

reckless disregard for truth. As a result, Plaintiff is entitled to punitive and exemplary damages.

**SECOND CLAIM FOR RELIEF**

**(False Light Invasion of Privacy Against All Defendants)**

25. Plaintiff incorporates by reference the allegations contained in the allegations set forth in paragraphs 1 through 24 inclusive, as if fully set forth herein.

26. As is alleged above, Defendants, and each of them, published false and defamatory statements concerning Plaintiff. Plaintiff is informed and believes, and based thereon alleges, that Defendants intended to depict Plaintiff in a false, fictionalized and sensationalized light. The Articles, as noted above, falsely portray Plaintiff as a prostitute and potential criminal and a dishonest and unethical businesswoman who routinely engages in misconduct and immoral acts.

27. As a result of the aforesaid false and fictionalized statements, Defendants have placed Plaintiff in a false light that is highly offensive to Plaintiff and would be highly offensive to any reasonable person of normal sensibilities.

28. Defendants either knew the Articles were false at the time they published them, or they published them in reckless disregard for truth.

29. On June 6, 2012, and within twenty days after Plaintiff learned of the publications of the Articles, Plaintiff's counsel served China Free Press and Meng with a demand that they issue a retraction and publish an apology. Defendants have failed and refused, and continue to fail and refuse, to retract the defamatory statements contained in the Articles as requested by Plaintiff and as required by law. Instead, and in response to Plaintiff's demand, Defendants have published yet another article stating that the defamatory statements contained in the Articles are "believed to be true." This is legally insufficient under California Civil Code § 48a(3).

30. As a direct and proximate result of the publication of the Articles by Defendants, Plaintiff has suffered loss of her reputation, shame, mortification, and

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 Constellation Boulevard
Nineteenth Floor
Los Angeles, California 90067
(310) 553-3000

hurt feelings, all to her general damage. As a further direct and proximate result of the publication of the Articles, Plaintiff has suffered special damages to her business, the full nature, extent, and amount of these damages are currently unknown.

31. The acts of Defendants were willful, oppressive, and malicious in that they never had any legitimate basis to publish the Articles. Defendants published the Articles in order to wrongfully promote their own business interests at the expense of Plaintiff. As a result, Plaintiff is entitled to punitive and exemplary damages.

**THIRD CLAIM FOR RELIEF**

**(Intentional Interference with Prospective Economic Advantage Against All Defendants)**

32. Plaintiff incorporates by reference the allegations contained in the allegations made in paragraphs 1 through 31 inclusive, as if fully set forth herein.

33. Plaintiff is an internationally renowned motion picture actress who has many ongoing and pending business and economic relationships with existing third parties, including without limitation existing film production companies, film studios, and talent agencies, which will, in all probability, lead to future economic benefits for her.

34. Plaintiff is informed and believes, and based thereon alleges, that Defendants had full knowledge of her aforementioned business and economic activities and relationships.

35. Defendants deliberately, willfully, wrongfully and intentionally interfered with Plaintiff's right to transact business with, and derive business income from, her relationships with third parties by publishing the Articles. Defendants knew that by publishing the Articles, interference with Plaintiff's business and economic relationships was certain or substantially certain to occur.

36. As a direct and proximate result of Defendants' wrongful conduct as alleged herein, Plaintiffs' business relationships with third parties have been disrupted

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 Constellation Boulevard
Nineteenth Floor
Los Angeles, California 90067
(310) 553-3000

and Plaintiff has been damaged, and Defendants' wrongful conduct described above was a substantial factor in causing Plaintiffs' harm.

37. The acts of Defendants were willful, oppressive, and malicious in that they never had any legitimate basis to publish the Articles. They never contacted Plaintiff before publishing the Articles to confirm any of the purported "facts" or obtain a comment from her. Furthermore, the Articles do not disclose either the name of the person who supposedly wrote them or the source of any of the defamatory statements about Plaintiff. Instead, the Articles were published by Boxun News anonymously and attributed only to unnamed sources such as "intelligence" and "different sources of information." Under the circumstances, Defendants either knew the articles were false at the time they published them, or they published them in reckless disregard for truth. Defendants published the Articles in order to wrongfully promote their own business interests at the expense of Plaintiff. As a result, Plaintiff is entitled to punitive and exemplary damages.

**FOURTH CLAIM FOR RELIEF**

**(Negligent Interference with Prospective Economic Advantage Against All Defendants)**

38. Plaintiff incorporates by reference the allegations contained in the allegations made in paragraphs 1 through 37 inclusive, as if fully set forth herein.

39. Plaintiff is an internationally renowned motion picture actress who has many ongoing and pending business and economic relationships with existing third parties, including without limitation existing film production companies, film studios, and talent agencies, which will, in all probability, lead to future economic benefits for her.

40. Plaintiff is informed and believes, and based thereon alleges, that Defendants had full knowledge of her aforementioned business and economic activities and relationships.

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 Constellation Boulevard
Nineteenth Floor
Los Angeles, California 90067
(310) 553-3000

41. Defendants negligently interfered with Plaintiff's right to transact business with, and derive business income from, her relationships with third parties by publishing the Articles. Defendants knew, or should have known, that by publishing the Articles, interference with Plaintiff's business and economic relationships was certain or substantially certain to occur.

42. As a direct and proximate result of Defendants' wrongful conduct as alleged herein, Plaintiffs' business relationships with third parties have been disrupted and Plaintiff has been damaged, and Defendants' wrongful conduct described above was a substantial factor in causing Plaintiffs' harm.

**FIFTH CLAIM FOR RELIEF**

**(Unlawful and Unfair Business Practices –**

**Violation of Cal. Bus & Prof. Code §§ 17200, *et seq.*)**

43. Plaintiff incorporates by reference the allegations contained in the allegations made in paragraphs 1 through 42 inclusive, as if fully set forth herein.

44. Defendants have engaged in unlawful, unfair, or fraudulent business acts or practices within the meaning of California Business & Professions Code §§ 17200, *et seq*. by publishing the Articles, which contain false and defamatory statements about Plaintiff.

45. Plaintiff is informed and believes, and based thereon alleges, that Defendants published the Articles in order to promote their own business interests at the expense of Plaintiff.

46. Plaintiff has been and is likely to continue to be injured as a result of Defendants' actions which undermine and reduce the goodwill associated with Plaintiff and the products and brands she endorses, for which Plaintiff has no adequate remedy at law. If Defendants are not enjoined, they will continue to unfairly derive income, profits, and/or business opportunities as a result of their wrongful and deliberate acts.

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 Constellation Boulevard
Nineteenth Floor
Los Angeles, California 90067
(310) 553-3000

47. Pursuant to California Business & Professions Code §§ 17200, *et seq.*, Plaintiff seeks an order of this Court that requires Defendants to publish a retraction of their libelous statements and ordering Defendants to engage in corrective advertising or a corrective informational campaign.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For general damages;
2. For special damages according to proof;
3. For punitive damages according to law;
4. For reasonable attorneys fees according to law;
5. For costs and expenses according to law;
6. For injunctive relief; and
7. For such other and further relief as the Court may deem just and proper.

DATED: June 14, 2012

GLASER WEIL FINK JACOBS
HOWARD AVCHEN & SHAPIRO LLP

By: ______________________
JOHN MASON
PATRICIA L. GLASER
ADAM LEBERTHON
Attorneys for Plaintiff Zhang Ziyi

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 Constellation Boulevard
Nineteenth Floor
Los Angeles, California 90067
(310) 553-3000

GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
LAW OFFICES
10250 Constellation Boulevard
Nineteenth Floor
Los Angeles, California 90067
(310) 553-3000

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all claims and issues so triable.

DATED: June 14, 2012

GLASER WEIL FINK JACOBS
HOWARD AVCHEN & SHAPIRO LLP

By: ______________________
JOHN MASON
PATRICIA L. GLASER
ADAM LEBERTHON
Attorneys for Plaintiff Zhang Ziyi

# EXHIBIT A

boxun.com/news/gb/china/2012/05/201205282206.shtml

博讯新闻网

[推荐此]

[博讯主页]->[大陆新闻]

## 章子怡因和薄熙来等高官上床被调查禁止出国 徐明交代更多细节

**请看博讯热点：王立军、薄熙来事件**

（博讯北京时间2012年5月28日 首发 — 支持此文作者/记者）

博讯独家消息，著名影星章子怡已经确认卷入薄熙来案，已经被调查组问话并禁止出国。

消息人士告诉博讯，徐明供认他在2007年首次给了章子怡600万人民币，做为第一次和她上床的代价。之后，多次和她上床。同年，徐明安排章子怡和薄熙来上床，酬金是1000万人民币。在2007年到2011年期间，薄熙来和章子怡上床超过10次。据悉，徐明和薄熙来和章子怡上床的地点是首都国际机场附近和北京西山的徐明的会所。同期，徐明还将章子怡送给另外两名高官（博讯暂不公布名字，适当时候才公布），每次徐明都付酬金给章子怡。

消息人士透露，章子怡以和富人睡觉捞取金钱、珠宝和房地产出名，一般她会有五、六名富豪男友，但只有一名公开的"正式男友"。博讯据中纪委的数据，章子怡在过去10年以性交易至少获取7亿人民币，其中1.8亿是来自徐明的现金。因为有徐明和其他官员的袒护，这些收入都没有缴税。

消息还透露，徐明的实德集团已经欠银行债务160亿，他仅在章子怡身上就花这么多钱，可见其企业的问题多大。［博讯首发,转载请注明出处］— 支持此文作者/记者(博讯 boxun.com)

1492206

Like and 22 others liked this.

DISQUS

**Zhang Ziyi under investigation and being forbidden to leave China due to sleeping with senior officials including Bo Xilai, Xu Ming giving out more details (Boxun, Beijing Time: 28 May 2012)**

Exclusive news of BoXun – the famous movie star Zhang Ziyi is confirmed to get involved in the Bo Xilai incident, and she is being questioned by the investigation team and forbidden from leaving China.

Intelligence informs BoXun that Xu Ming tells that he gave Zhang Ziyi RMB¥6 million for the 1st time in 2007 as the consideration for her sleeping with him. (He) slept with her many times afterwards. In the same year, Xu Ming arranged Zhang Ziyi to sleep with Bo Xilai with remuneration of RMB¥10 million. Between 2007 and 2011, Bo Xilai slept with Zhang Ziyi for more than 10 times. It is learned that the place where Bo Xilai and Zhang Ziyi slept is Xu Ming's clubhouse close to Beijing International Airport and Beijing West Mountain. In the same period, Xu Ming also gave Zhang Ziyi to 2 other senior officials (BoXun will not release the names for now, and will only release the same at appropriate times). Xu Ming pays remuneration to Zhang Ziyi each time.

Intelligence reveals that Zhang Ziyi is well-known for exploitation of money, jewellery and real estates by sleeping with wealthy persons. Usually she has 5-6 billionaires as boyfriends, but there will be only 1 "official boyfriend" publicly. According to the statistics of the Commissioner for Discipline Inspection of the Central Committee of the CPC, BoXun (believes that) Zhang Ziyi at least earns RMB¥700 million in the past 10 years pursuant to sex deals, of which RMB¥180 million is cash from Xu Ming. Such income was not taxed due to the shield from Xu Ming and other officials.

Intelligence also reveals that Xu Ming's Shi De Group is already in debt against the bank amounting to RMB¥16 billion. He spent such big amount on Zhang Ziyi alone, and (you) can tell how big the problem is with the enterprise itself.

# EXHIBIT B

博讯新闻网 boxun.com

## 章子怡只是被禁出境 在国内是自由的

**请看博讯热点：王立军、薄熙来事件**

（博讯北京时间2012年5月30日 首发 — 支持此文作者/记者）

博讯据不同渠道的消息来源证实，章子怡经徐明和薄熙来发生关系的内幕属实。事实上，这些消息源还给博讯提供了另外五个名人、明星的名字，其中两人来自央视。

消息人士透露，章子怡是否会出现在今晚的珠海颁奖仪式上不能说明章子怡的这些麻烦，因为章子怡只是作为可能证人被问话，目前她在国内是自由的，只是出国被限制。在过去，曾有数名女星卷入各种贪腐案，但通常不会判刑入狱，只是让她们退钱换取自由。如果本次颁奖在香港她出席了，那才是奇迹。章子怡最简单、有力的否定这个报道的办法是到香港或美国露个面，其它的否认努力都是徒劳的。

据悉，章子怡的公关团队多年来和媒体、网站建立了联系，这次可能通过新华社的一名编辑发布了一个短新闻，声称章子怡是干净的，但这说明不了任何问题。知情者向博迅说，章子怡的法律案子都是“雷声大、雨点小”。例如，轰动一时的“京城泼墨门”最后什么结果都没有，连解释都没有。这种虎头蛇尾的做法是因为一旦进入法律程序，很容易曝光章子怡更多内幕，并证明“谣言”成为事实。

[博讯首发，转载请注明出处] - 支持此文作者/记者(博讯 boxun.com)

4671004

**Zhang Ziyi is only forbidden to leave China, and is free within the country**

**(Boxun Beijing time: 30 May 2012)**

Boxun, based on different sources of information, can confirm that it is true Zhang Ziyi had sexual relationship with Xu Ming and Bo Xilai. As a matter of fact, such sources provided names of other 5 celebrities and stars, 2 of which come from CCTV. Intelligence reveals that Zhang Ziyi's attendance in tonight's awarding ceremony does not clear her trouble, as Zhang Ziyi is only being questioned as possible witness, and so far she is free within China, and she is only forbidden to travel outside China. In the past, there used to be several female stars getting involved in all kinds of corruption cases, but usually they will not be sent to prison but are asked to return the money as exchange for freedom. If this prize presentation is in Hong Kong and she showed up, that is a miracle. Zhang Ziyi's simplest and strongest way to break this report is to show up in Hong Kong or the US, and any other denial is useless.

It is heard that Zhang Ziyi's team has built up connections with media and websites over the years. This short report issued by Xinhua Press claiming that Zhang Ziyi is clean does not mean anything. Intelligence informs Boxun that legal matters in relation to Zhang Ziyi are usually "much cry and little done". For instance, the "Beijing Splash Ink Incident" ended up nothing without an explanation. The reason is that once such matters enter legal proceedings, Zhang Ziyi's more secrets will be exposed.

# EXHIBIT C

**Zhang Ziyi's PR Team making up the story that Fan Bingbing is the 'black hand' behind the story**

**(Bo Xun Beijing Time: 3 June 2012)**

The source of information by Boxun.com which is close to the Commissioner for Discipline Inspection of the Central Committee of the CPC reveals that, Zhang Ziyi's PR Team has been hitting out in all directions by making up the story that Fan Bingbing is the "black hand" behind this and hyping up about her falling in love with Sa Beining, the CCTV host. However, such "stories" and technical moves are too low class and cannot change the fact that the word "prostitution" is being directly used in the reports by western media.

Intelligence tells that Zhang Ziyi is involved in the political dispute this time, and will not get away easily. However, she is trying to show her acting skills in real life and make shows as if she is in a weak position, which will only make her a laughing stock in the future. Persons close to the Commissioner for Discipline Inspection of the Central Committee of the CPC say that if she continues to act, (they) will continue to massively disclose the details of dates she had with several billionaires as given out by Xu Ming. These details were investigated and obtained by Xu Ming's good friend, Wang Lijun, through police powers.

博讯新闻网

[博讯主页]->[大陆新闻]

**章子怡公关团队编出范冰冰是"黑手"的故事**

**请看博讯热点：**王立军、薄熙来事件

(博讯北京时间2012年6月03日 首发 - 支持此文作者/记者)

博讯据接近中纪委的信息来源透露，章子怡公关团队，四处出击，又编出范冰冰是幕后黑手，以及主动炒作她与央视主持人撒贝宁的热恋之类的故事，但这些"故事"与技术处理动作层次太低，均改变不了她如各大西方媒体报道中直接使用"卖淫"一词存在的事实。

消息称，章子怡此次卷入的是政治漩涡，恐怕不会轻易逃脱。而她将演技搬到现实中来，拼命作秀扮弱势，只会为今后留下笑柄。接近中纪委的人士表示，如果她继续表演，将进一步大规模揭露徐明交待的她与多个富豪交往的细节，这些细节是徐明通过他的哥们王立军利用公安手段在过去几年侦获的。[博讯首发，转载请注明出处]- 支持此文作者/记者(博讯 boxun.com)

4080655

# EXHIBIT D

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

10250 Constellation Blvd.
19th Floor
Los Angeles, CA 90067
310.553.3000 TEL
310.556.2920 FAX

June 6, 2012

Adam LeBerthon

**Direct Dial**
310.556.7830
**Direct Fax**
310.843.2630
**Email**
aleberthon@glaserweil.com

VIA MESSENGER

Weican "Watson" Meng
China Free Press/Boxun News
4711 Hope Valley Road
Durham, North Carolina 27707-5651

Re: Zhang Ziyi

Dear Mr. Meng:

This law firm has been retained by Zhang Ziyi in connection with the recent publication of a number of false and malicious articles about her by Boxun News on the boxun.com website. Although we understand that Boxun News may have removed the English language version of certain of the articles from the site, they remain posted on the Chinese language version of the site along with others. The purpose of this letter is to demand that Boxun News take action to mitigate the tremendous harm it has caused to Ms. Zhang's business and reputation.

In an article dated May 28, 2012, Boxun News reported that Zhang Ziyi was "involved in the Bo Xilai incident" and provided extensive details of outlandish payments allegedly made to her for having sex with Bo Xilai, Xu Ming, and "other senior officials." Similarly, on May 30, 2012, Boxun News "confirmed" that Ms. Zhang had a "sexual relationship with and Bo Xilai" and stated that she was being questioned by Chinese authorities who had banned her from leaving mainland China. Boxun News has posted additional articles in the last few days which generally repeat the same basic "facts" from the original articles. Incredibly, in an article published on June 3, 2012, Boxun News threatened to retaliate against Ms. Zhang if she attempts to defend herself against the false and malicious accusations it has leveled against her, saying that "if she continues to act, [it] will continue to massively disclose the details of dates she had with several billionaires."

None of these absurd, libelous and harmful reports are true, and Boxun News never had any legitimate basis to publish them. It never contacted Ms. Zhang before it published the stories to confirm any of the alleged "facts" or obtain a comment from her. Based on the nature of the articles, its failure to do so is untenable.

Furthermore, Boxun News never revealed the source of any of the defamatory statements about Ms. Zhang. Instead, all of the articles have been published anonymously and attributed to unnamed sources such as "intelligence" and "different sources of information." Under the circumstances, it is clear Boxun News either knew the articles were false at the time it published them, or it published them in reckless disregard for their truth. And, given its recent threat to publish even more defamatory articles about Ms. Zhang if she continues to defend herself against its scurrilous attacks, we can only conclude that it is the deliberate intent of Boxun News to harm her. According to the boxun.com website, the mission of Boxun News is to "become the #1 most trusted Chinese online news service by insisting on 'Independence' and 'Journalistic Objectivity.'" Boxun News has now clearly abandoned this mission in its quest for salacious headlines at the expense of our client.

We categorically deny all of the allegations in the statements regarding Ms. Zhang released by Boxun News. Ms. Zhang is an internationally acclaimed motion picture actress who has appeared in numerous films, including *Crouching Tiger, Hidden Dragon* and *Memoirs of a Geisha*. She has been voted one of "The Time 100," which is Time magazine's list of the world's most influential people, and she was featured as the face of China in Newsweek's feature story "China's Century." In addition to her work as an actress, Ms. Zhang does promotional work as an international spokesperson for various multinational brands and charitable organizations.

The malicious libel by Boxun News has done tremendous and irrevocable damage to both Ms. Zhang's business and her reputation as an actress and spokesperson. The reports that Boxun News originated have been picked up and republished by numerous other media outlets across Asia. They have also been republished by media outlets here in the United States and Europe, including but not limited to CNN, Variety, Entertainment Television, The Huffington Post, and many others. In its June 3 article, Boxun News acknowledged that Ms. Zhang "cannot change the fact that the word 'prostitution' is being directly used in the reports by western media." As the originator of these libelous articles, Boxun News is directly responsible for that. Given the ongoing defamatory statements being published by Boxun News, and as a direct result of its deliberate efforts to harm Ms. Zhang, the extent of the damages suffered by her business and the harm to her reputation are enormous and have yet to be fully determined.

The false stories Boxun News has published about Ms. Zhang are outrageous, and she is committed to doing whatever it takes to see that justice is served, her rights vindicated, and her reputation restored. Ms. Zhang hereby demands that Boxun News

immediately remove all of the articles it has published relating to her (both in Chinese and in English) and publish a full and complete retraction of all of the defamatory statements and an apology (both in Chinese and in English) in terms that must be approved in advance by us. Both the retraction and the apology must be published by Boxun News in as prominent a position on the boxun.com website as the original defamatory articles. In addition, Boxun News must identify all of the sources it relied upon for the articles so we can pursue defamation and other claims against them. Finally, Boxun News must agree to compensate Ms. Zhang for the damages she has suffered to both her business and her reputation as a result of its wrongful publication of the defamatory articles.

Please make sure that Boxun News directs all future communication, both written and verbal, to us as counsel for Ms. Zhang. If we do not hear from you by 5:00pm Eastern Time on June 8, 2012, we will file suit and seek all available relief, including but not limited to punitive damages for Boxun News' deliberate and malicious libel of our client.

This letter is subject to Rule 408 of the Federal Rules of Evidence and section 1152 of the California Evidence Code and is written without waiver of or prejudice to any and all of our client's rights and remedies.

Very truly yours,

Adam LeBerthon
of GLASER WEIL FINK JACOBS HOWARD AVCHEN & SHAPIRO LLP

AL:jh

# EXHIBIT E

# HUANG, TANG, AND MARVIN, LLP

Las Vegas New York
www.huangtangmarvin.com

June 6, 2012

Via fax and U.S. Priority Mail
Adam LeBerthon
Glaser Weil Fink Jacobs..&Shapiro LLP
10250 Constellation Blvd, 19th Floor
Los Angeles, CA 90067
310 553 3000 Tel
310 556 2920 Fax

Dear Mr. LeBerthon,

This firm has been retained by Boxun News ("Boxun") in regard to your letter dated June 6, 2012, on behalf of Ms. Zhang Ziyi, an international movie star.

Firstly, my client sincerely respects Ms. Zhang as a person and recognizes her extraordinary achievements in the motion picture industry. As an electronic news service in the United States, however, Boxun strives to provide its readers with unbiased information about China and the world. Boxun's reports on Ms. Zhang did not use defamatory words; Boxun merely published what it believed to be true as provided by an anonymous source with such information protected by the First Amendment to the U.S. Constitution and consistent with its duty to maintain the confidentiality of all sources. See Buckley v. American Constitutional Law Foundation Inc., 525 U.S. 182, 200 (1999), Reno v. ACLU, 521 U.S. 844 (1997), and Doe v. 2TMart.com, F. Supp. 2d 1088, 1092 (W.D. Wash. 2001).

Accordingly, Boxun is thus unable to provide any apology, anonymous source identification, compensation, or anything else requested by Ms. Zhang. Boxun is, nevertheless, very amenable to publishing whatever Ms. Zhang might care to provide in regard to this matter.

Yours truly,

Xiaosheng Huang, Esq., and

William J. Marvin, Esq.
Huang, Tang & Marvin, LLP
Las Vegas, NV

New York Office
350 Fifth Avenue, 59th Floor
New York, NY 10010
Tel: 212.203.4865
Fax: 888.696.9713

Las Vegas Office
5820 S. Pecos Road, Ste. 200
Las Vegas, NV 89120
Tel: (702) 451.2188 / 451.9866
Fax: (888) 696.9713

# EXHIBIT F

博讯新闻主页 boxun news

URL: http://www.boxun.com Go [home] [clear cookies]

Options: ☑ Encrypt URL ☐ Encrypt Page ☑ Allow Cookies ☑ Remove Scripts ☑ Remove Objects

京港台时间：2012年6月13日 10时，星期三　　博讯导航 - 关于(联系)我们 - 加入博讯记者 - 记者发稿登录 - 爆料+投稿

博讯新闻网 Boxun.com

博讯博客　网址导航　博讯生活版　新闻图集　生活商家　8ok海外生活
博闻社　论坛社区　严肃新闻版　生活图集　生活广告　高光俊律师楼

主页 排行 滚动 大陆 国际 港澳台 大众观点 政党动态 财经科技 军事 万象 健康 体育娱乐 连载 放松 宗教 不平则鸣 历史 English RSS 新闻邮件

**博讯视频**

无国界记者

举报在华企业行贿有重奖
视频:陈光诚精彩的演说
****

**焦点图片**

人民日报狠批广东媒体剑走偏锋

[推特][博客][论坛][投诉举报][手机看博讯新闻]
[博讯热点:十八大争夺战][薄熙来、王立军事件]

**博讯焦点**　更多博讯首发　主页刷新

- 重庆持续万人游行---茉莉花革命的先兆？/彭涛
- 薄熙来、谷开来案错综复杂 审判在高层掌控中
- 关于章子怡欲在美国起诉博讯的说明
- 李旺阳死得冤枉！香港万人大游行：场面震撼/视频
- 独家揭秘：国安部副部长秘书出卖大量机密给中情局
- 六四屠杀与迫害仍继续，维稳办与政法委难辞其咎
- [热比娅参访靖国神社回答本网提问][王立军或领刑十年]
- 视频:[中领馆上空飞机挂六四条幅][香港:18万人悼念六四]
- 视频:[纽约上演王维林挡坦克][访民被打引发散步游行]
- [军队要求分享常委名额][神秘车祸打乱十八大布局]

投标题搜索 近年 搜索
全文搜索博讯新闻: 搜索

**最新30篇滚动完整版->点击这里**

***讨厌政治新闻？请看博讯生活版***

- 副教授：浙江省高考作文题非常卑贱
- 强生在美国遭罚22亿美元 在华未受惩罚
- 潘石屹"被代言"男性病广告 怒斥医院不要脸
- 缅甸政见艺术家zarganar来访巴黎/巴黎动态
- 中学生集体看电影遭人持钢管围殴
- 北京彩民中双色球5.75亿元巨奖
- 记者追查问题酱油去向 厂家:吃进肚里了
- 山东枣庄称城管因误会遭学生围殴
- 外交部：改善空气勿寄望于外国使馆
- 东京都知事称拟派船赴钓鱼岛估价
- 吴斌家属：肇事方欠一声道歉

关于章子怡欲在美国起诉博讯的说明

URL: http://www.boxun.com/news/gb/china/2012/06/201206121241.shtml Go [home] [clear cookies]

Options: Encrypt URL Encrypt Page Allow Cookies Remove Scripts Remove Objects

博讯新闻网 boxun.com

[推荐此文给朋友] 去除广告，请点击打印板一》打印版

[博讯主页]-> [大陆新闻]

# 关于章子怡欲在美国起诉博讯的说明

(博讯北京时间2012年6月12日 首发 - 支持此文作者/记者)

中新网6月11日报道，章子怡向香港高等法院递交诉状，针对几家媒体的不实报道正式提起诉讼。报道还称，美国当地时间6月11日，章子怡也通过美国律师Glaser Weil Fink Jacobs & Shapiro LLP正式起诉该失实报道的传播源头—海外某所谓"新闻网站"，依法追究该网站违背基本新闻报道原则，仅凭一封来源不明的匿名信便不负责任地发布侮辱诽谤当事人报道的行为。

就近期此事的进展，博讯做以下说明：

1、在美国当地时间6月6日，位于洛杉矶的Glaser Weil Fink Jacobs & Shapiro LLP律师事务所通过私人送达服务，将一封律师函分别交到博讯的信件处理地址和主编的住处，律师函大意是维护章子怡小姐的名誉，指称博讯的报道是恶意和错误的，并提出几项要求：要求博讯撤除有关报道；交待信息来源；向章小姐赔礼道歉；对章小姐的损失做出赔偿。

2、就此事，博讯的法律顾问Huang, Tang, and Marvin LLP律师事务所的黄先生律师和William J. Marvin律师做出回应，大意如下：

"博讯对章子怡小姐本人和她在影艺界的成就是非常尊重的，但作为在美国的自

自由开放的交流平台bx.tl

在此做广告，联系博讯

**相关报道**（更多请利用搜索功能）：

- 范冰冰否认抹黑章子怡 起诉网站索赔 万
- 章子怡向香港法院递诉状 强调被禁出境纯属诽谤
- 章子怡公关团队编出范冰冰是"黑手"的故事
- 知名编剧揭章子怡被黑内幕：范冰冰是主谋
- 章子怡高调辟谣 扬言"来一个打一个"(图)
- 外媒报道：章子怡否认做中共高层的 女
- 章子怡获许去港 问题是：到底认识不认识徐明？
- 章子怡经纪人已收集材料 将正式向公安报案
- 章子怡陪睡薄熙来 田丽：不意外、无耻！
- 章子怡只是被禁出境 在国内是自由的
- 章子怡是否现身海口电影颁奖礼值得关注

Shapiro LLP律师事务所通过私人送达服务，将一封律师函分别交到博讯的信件处理地址和主编的住处，律师函大意是维护章子怡小姐的名誉，指称博讯的报道是恶意和错误的，并提出几项要求：要求博讯撤除有关报道；交待信息来源；向章小姐赔礼道歉；对章小姐的损失做出赔偿。

2、就此事，博讯的法律顾问Huang, Tang, and Marvin LLP律师事务所的黄笑生律师和William J. Marvin律师做出回应，大意如下：

“博讯对章子怡小姐本人和她在影艺界的成就是非常尊重的，但作为在美国的电子媒体，博讯努力向读者提供关于中国和世界的公正的内容。博讯关于章子怡小姐的报道没有使用侮辱性语言，只是发表了其相信是真实的信息；这个信息来自匿名，信息源受美国宪法第一修正案及相关案例法的保护，博讯有责任为这些信息源保密。因此，博讯不会删除有关文章、不会道歉、不会透露消息来源、不会给予赔偿。但博讯会乐意发表章子怡小姐关于此事的有关声明或说明。”

事实上，博讯一直在刊登章小姐的有关声明和报道，以示公正。

截止到博讯发稿时，博讯仍未收到美国法院的有关文件。

[博讯首发,转载请注明出处] - 支持此文作者/记者 (Modified on 2012/6/12) (Modified on 2012/6/12) (博讯 boxun.com)

4411241

---

Please enable JavaScript to view the comments powered by Disqus. blog comments powered by Disqus

(图)
- 外媒报道：章子怡否认做中共高层的妓女
- 章子怡获许去港 问题是：到底认识不认识徐明?
- 章子怡经纪人已收集材料 将正式向公安报案
- 章子怡陪睡薄熙来 田丽：不意外、耻!
- 章子怡只是被禁出境 在国内是自由
- 章子怡是否现身海口电影颁奖礼值得关注
- 新华网率先报导报道章子怡薄熙来传言
- 章子怡卷入薄熙来案 粉丝受不了了
- 章子怡斥“上床不实报道”：用法律维权到底 (图)
- 章子怡因和薄熙来等高官上床被调查禁止出国 徐明交代更多细节
- 章子怡诈捐门又有猛料已向FBI报案(图)
- 章子怡善款为何转手? 福利院长如此回答
- 政协委员称别逼章子怡免得自杀 [illegible]前辈糊涂 (图)
- 杨澜在天安门谈章子怡 要对诈捐负责(图)
- 章子怡与刘芳菲对公众道德的试探/李野
- 华尔街日报：章子怡多重门拉响职业警报
- 陈光标为何替章子怡辩护?
- 专家：章子怡诈捐折射中国慈善制度漏洞

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dolly Gee and the assigned discovery Magistrate Judge is Paul Abrams.

The case number on all documents filed with the Court should read as follows:

**CV12- 5216 DMG (PLAx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
**312 N. Spring St., Rm. G-8**
**Los Angeles, CA 90012**

[ ] **Southern Division**
**411 West Fourth St., Rm. 1-053**
**Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
**3470 Twelfth St., Rm. 134**
**Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the
Central District of California

Zhang Ziyi, an individual
*Plaintiff*
v.
See Attached Defendant List
*Defendant*

Civil Action No. CV12-5216-DMG (PLAx)

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Glaser Weil Fink Jacobs Howard Avchen & Shapiro LLP, 10250 Constellation Blvd., 19th Fl., Los Angeles, CA 90067

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

MARILYN DAVIS

*Signature of Clerk or Deputy Clerk*

Date: June 14, 2012

## DEFENDANT LIST

CHINA FREE PRESS, INC., a North Carolina non-profit corporation doing business as BOXUN NEWS; WEICAN NULL MENG, an individual also known as WATSON MENG and also known as WEICAN "WATSON" MENG; DOES 1-25, inclusive.

Civil Action No.

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4(l))***

This summons for *(name of individual and title, if any)* ______________________________

was received by me on *(date)* ____________________ .

☐ I personally served the summons on the individual at *(place)* ______________________________

______________________________ on *(date)* ____________ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* ______________

______________________________ , a person of suitable age and discretion who resides there,

on *(date)* ____________ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* ______________________________ , who is

designated by law to accept service of process on behalf of *(name of organization)* ______________

______________________________ on *(date)* ____________ ; or

☐ I returned the summons unexecuted because ______________________________ ; or

☐ Other *(specify)*:

My fees are $ __________ for travel and $ __________ for services, for a total of $ __________ .

I declare under penalty of perjury that this information is true.

Date: ____________________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself [ ])

Zhang Ziyi, an individual

**DEFENDANTS**

China Free Press, Inc.; Weican Null Meng; DOES 1-25

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

John Mason, Patricial L. Glaser, Adam LeBerthon
Glaser Weil, et al.
10250 Constellation Blvd., 19th Fl.

Los Angeles, CA 90067
310-553-3000

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES - For Diversity Cases Only** (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in this State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [X] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. ORIGIN** (Place an X in one box only.)

[X] 1 Original Proceeding [ ] 2 Removed from State Court [ ] 3 Remanded from Appellate Court [ ] 4 Reinstated or Reopened [ ] 5 Transferred from another district (specify): [ ] 6 Multi-District Litigation [ ] 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** [X] Yes [ ] No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** [ ] Yes [X] No [X] **MONEY DEMANDED IN COMPLAINT: $** > $75,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

(1) Libel Per Se; (2) False Light Invasion of Privacy; (3) Intentional Interference with Prospective Economic Advantage; (4) Negligent Interference with Prospective Economic Advantage; (5) Unlawful Business Practices (Violation of Cal. Bus. & Prof. Code sections 17200, et seq.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

**OTHER STATUTES**
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce/ICC Rates/etc.
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Sat TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Act
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Info. Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loan (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [X] 320 Assault, Libel & Slander
- [ ] 330 Fed. Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury-Med Malpractice
- [ ] 365 Personal Injury-Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 463 Habeas Corpus-Alien Detainee
- [ ] 465 Other Immigration Actions

**TORTS — PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 444 Welfare
- [ ] 445 American with Disabilities - Employment
- [ ] 446 American with Disabilities - Other
- [ ] 440 Other Civil Rights

**PRISONER PETITIONS**
- [ ] 510 Motions to Vacate Sentence Habeas Corpus
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus/ Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

**FORFEITURE/ PENALTY**
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt. Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS - Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number: CV12-5216

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

UNITED STATES ЗTRICT COURT, CENTRAL DISTRICT C ЗALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [X] No [ ] Yes

If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [X] No [ ] Yes

If yes, list case number(s):

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)
[ ] A. Arise from the same or closely related transactions, happenings, or events; or
[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or
[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or
[ ] D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

[ ] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | China |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

[ ] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | North Carolina |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

*** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**

**Note:** In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): [signature] **Date** June 14, 2012

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |