Marc J. Randazza (California Bar No. 269535)
Jason A. Fischer (California Bar No. 275469)
RANDAZZA LEGAL GROUP
mjr@Randazza.com
jaf@Randazza.com
6525 W. Warm Springs Road, Suite 100
Las Vegas, NV 89118
Telephone: 888-667-1113
Facsimile: 305-437-7662
www.Randazza.com

Attorneys for Defendant,
*Weican Null Meng*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHANG ZIYI, an individual, | Case No. CV12-5216-DMG (PLAX) |
| Plaintiff, | **DEFENDANT WEICAN NULL "WATSON" MENG'S MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION PURSUANT TO 12(b)(2)** |
| vs. | |
| CHINA FREE PRESS, INC., a North Carolina non-profit corporation doing business as BOXUN NEWS; WEICAN NULL MENG, an individual known as WATSON MENG and also WEICAN "WATSON" MENG; DOES 1-25, inclusive, | Hon. Dolly M. Gee |
| Defendants. | |

-1-

546470.1

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE THAT:

For any hearing the court may schedule or as soon as the matter is heard in the courtroom of the Honorable Dolly M. Gee, defendant Weican "Watson" Null Meng ("Meng") will and hereby does move pursuant to Fed. Rules of Civ. P. 12(b)(2) for an order dismissing Plaintiff's Complaint against him for lack of personal jurisdiction. Meng moves for dismissal because the court lacks personal jurisdiction over him because his contacts with the state of California do not satisfy the Due Process Clause; further, Meng did not purposefully direct any conduct at California, and there was no foreseeable harm from the allegedly tortious article. Additionally, the Plaintiff's claims did not arise out of Meng's California activties, as there are none.  Thus, the Court's exercise of specific personal jurisdiction over Meng would be unreasonable and burdensome to Meng.

This Motion is based on this Notice; the accompanying Memorandum of Points and Authorities; the Declaration of Weican "Watson" Null Meng; and such other authorities and argument as may be submitted in any reply at or before the hearing.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place from August 10-13, 2012.

*//*

*//*

-2-

546470.1

1

2  Dated: August 15, 2012

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully Submitted,

RANDAZZA LEGAL GROUP

By:   /s/ Marc J. Randazza

Marc J. Randazza

Attorneys for Defendant

Weican "Watson" Null Meng

\

-3-

# TABLE OF CONTENTS

**I.  STATEMENT OF UNDISPUTED FACTS**......................................................**8**

**II.  LEGAL STANDARDS** ...................................................................................**9**

**III.  ARGUMENT** .................................................................................................**10**

   **A.  The Court Lacks Personal Jurisdiction Over Defendant Meng because
His Contacts with California Do Not Satisfy Due Process.** ...........................**10**

      1.  The Court lacks General Personal Jurisdiction over Meng because He Lacks
Substantial Contacts with California. ..................................................................**13**

   **B.  It Would Be Improper for the Court to Exercise Specific Personal
Jurisdiction over Meng.** ....................................................................................**17**

      1.  Meng did not perform any purposeful act directed at the State of California
or its residents, did not purposefully direct any conduct at California, and there
was no foreseeable harm from the allegedly tortious article. .............................**18**

      2.  Plaintiff's claims did not arise out of Meng's California-related activities, as
there are none. ....................................................................................................**24**

      3.  This Court's Exercise of Specific Personal Jurisdition Would Be
Unreasonable. ......................................................................................................**24**

**IV.  CONCLUSION** ............................................................................................**28**

546470.1

# **TABLE OF AUTHORITIES**

**United States Supreme Court Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662,  678 (2009) ............................................................10

*Burger King v. Rudzewicz*, 471 U.S. 462, 475 (1985) ...............................................14

*Calder v. Jones*, 465 U.S. 783 (1984) .................................................18, 19, 20, 21

*Employers Reinsurance Corp. v. Bryant,* 299 U.S. 374, 382, 57 S. Ct. 273, 81 L.Ed 289 (1937)...........................................................................................................9

*Hanson v. Denckla*, 357 U.S. 235, 253 (1958) ........................................................23

*Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984) ......13

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980) .................23

**United States Court of Appeals Cases**

*Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995) ...........................................24

*Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) ......................................................................................................................14

*Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008)......................................9

*Brayton Purcell LLP v. Recordon & Recordon*, 575 F.3d 981, 986 (9th Cir. 2009)18, 21, 22, 23

*Cybersell Inc. v. Cybersell Inc.*, 130 F.3d 414, 418 (9th Cir. 1997) .........................11

*Gator.com Corp. v. L.L. Bean, Inc.*, 341 F.3d 1072 (9th Cir. 2003)..................passim

*Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1131-32 (9th Cir. 2003). ............................................................................................24

*Panavision Int'l, LP v. Toeppen*, 141 F.3d 1316, 1320-21 (9th Cir. 1998) .............11

*Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1021 (9th Cir. 2002) ......25, 26

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 803 (9th Cir. 2004) 20, 21

*Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 1990) .............................................14

*Sinatra v. Nat'l Enquirer, Inc.*, 854 F.2d 1191, 1195 (9th Cir. 1988) ...............20, 21

546470.1

*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1207 (9th Cir. 2006) ........................................................................23

**California Rules of Civil Procedure**

Cal. Civ. Pro. Code §410.10 (2012) ...................................................................10

**Federal Cases**

*Autogenomics, Inc. v. Oxford Gene Technology, Ltd.*, 566 F.3d 1012, 1017 (Fed. Cir. 2009) ........................................................................................10

*Boschetto v. Hansing*, No. C-06-1390, 2006 WL 1980383 at *1 (N.D. Cal. 2006) . 15

Case No. CV 10-9351, *2011 U.S. Dist. LEXIS 36477* at *10 (C.D. Cal. Mar. 28, 2011) ..........................................................................................19

*CYBERsitter, LLC v. P.R.C.,* 805 F. Supp. 2d 958, 973-74 (C.D. Cal. 2008) ..........25

*Millennium Enters., Inc. v. Millennium Music, LP*, 33 F. Supp. 2d 907, 921 (D. Or. 1999) ..........................................................................................19

*Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997) ...................................................................11, 12, 13, 17

546470.1

Pursuant to Federal Rule of Civil Procedure 12(b)(2), Defendant Weican Null "Watson" Meng ("Meng," or the "Defendant"), by and through his counsel, hereby moves this Court to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction. Defendant's Motion is made pursuant to Fed. R. Civ. P. 12(b)(2) and is based upon the following Memorandum of Points and Authorities, the accompanying declaration of Watson Meng, the exhibits attached thereto, and any oral argument the Court may allow.

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Zhang Ziyi ("Zhang," or "Plaintiff") alleges that Defendant Meng, along with Defendants China Free Press and Boxun News,[1] defamed her through a story posted on the Boxun News website, of which Meng is the owner.  While Plaintiff alleges that her harm was felt within California – even though she resides in China and has little apparent regular contact with the State of California (Compl. ¶ 2) – these allegations do not overcome Meng's due process rights under the United States Constitution to be sued in his home jurisdiction of North Carolina, rather than a state where neither he nor the Plaintiff seem to have any ties.

Mengs's contacts with the State of California do not satisfy the demands of federal due process, and, even if they did, the exercise of jurisdiction over Defendant would still be unreasonable.  Moreover, Meng's ownership of a non-commercial website does not target California, nor is there any evidence of any attempt by Meng to aim the site to California residents.  Because Defendant's ties to this jurisdiction are absent, and Plaintiff's connection to California only slightly less

---

[1] Plaintiff alleges that China Free Press is "doing business as" Boxun News.  This is incorrect. China Free Press and Boxun News are separate and distinct entities.

546470.1

1    tenuous,  Meng must be dismissed from this action, and this motion granted.

2    **I.    STATEMENT OF UNDISPUTED FACTS**

3        Defendant Weican Null "Watson" Meng is a North Carolina resident who

4    owns and operates Boxun News, a non-commercial Chinese community news site

5    about international political and human rights issues involving the Chinese

6    government (Decl. of Weican Meng ¶ 5, 18-26 ).  The Boxun News servers are

7    leased from a Texas company, and Meng administers the site from North Carolina

8    (*id*. ¶¶ 2-5).  Boxun operates primarily through the receipt of grants and other

9    donations (*id*. ¶ 5, 27).  There is no advertising on the Boxun website, found at

10   <boxun.com>, and the site generates no revenue (*id*. ¶ 4-5, 12-16, 27).  Indeed, the

11   site is all but entirely passive, and user interaction is limited almost exclusively to

12   Internet visitors clicking on links to articles, images, and videos Boxun authors have

13   posted to the site (Compl. Exhs.).

14       Plaintiff Zhang Ziyi is a Chinese actress who resides in China (Compl. ¶ 2).

15   Boxun recently published stories reporting that Zhang received more than $100

16   million in exchange for providing sexual services to high-ranking Chinese

17   government officials.  These reports were based upon information from trusted

18   multiple sources who have reliably and continuously provided information in the

19   past (Meng Decl. ¶¶ 18-26).  If Meng revealed the identities of their sources, those

20   sources could face severe retaliation from the Chinese government, including

21   potentially the loss of their lives.  As such, their identities have remained private

22   (*id*.).  Keeping sources anonymous is common practice for the newspaper in order to

23   ensure the safety of those who provide information to the paper (*id*.).  However,

none of the sources are in California.  (Meng Decl. ¶¶ 2-6).

On June 14, 2012, Plaintiff filed a Complaint against China Free Press, Boxun News, Weican "Watson" Null Meng, and Does 1-25 for the publication of stories regarding her daliances with Chinese government officials.  In her Complaint, she asserted claims for libel per se, false light and invasion of privacy, intentional and negligent interference with prospective economic advantage, and unlawful business practices.

## II.   LEGAL STANDARDS

As a prerequisite to adjudicating any dispute, a Court must have personal jurisdiction over the parties before it. *Employers Reinsurance Corp. v. Bryant,* 299 U.S. 374, 382, 57 S. Ct. 273, 81 L.Ed 289 (1937).  While a plaintiff submits to the jurisdiction of a forum by filing suit there, the plaintiff must show the Court has personal jurisdiction over each defendant. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008).  When a defendant asserts lack of personal jurisdiction as an affirmative defense pursuant to Federal Rule of Civil Procedure 12(b)(2), a court must satisfy itself that jurisdiction exists over that defendant before proceeding to the merits of the case. Fed. R. Civ. P. 12(b)(2).  The court may find that it has general personal jurisdiction, specific personal jurisdiction, or no jurisdiction at all. *Boschetto*, 539 F.3d at 1016.  If the Court concludes that it lacks jurisdiction over the defendants, it has no discretion to proceed to the merits of the case. *Employers Reinsurance Corp.*, 299 U.S. at 382.

Plaintiff Zhang makes only one statement in her Complaint that purports to

546470.1

1   establish jurisdiction in California over all Defendants—that Boxun News publishes

2   an interactive, online website that operates nationally and around the world, and

3   therefore includes "readers in the state of California," and that it is cultivating

4   readers across the United States for "its own commercial benefit." (Compl. ¶ 3)

5   Plaintiff's contention is false.  Mere conclusory statements that support recitals of

6   of the elements of a cause of action are not sufficient as the basis for a complaint.

7   *Ashcroft v. Iqbal*, 556 U.S. 662,  678 (2009).  Therefore, it is inappropriate—

8   especially in the context of a motion to dismiss for lack of personal jurisdiction—to

9   assume nothing more than mere legal conclusions are true.  *See Iqbal*, 556 U.S. at

10  679.

11

12          Under these standards, Plaintiff's Complaint should be dismissed against

13  Meng, as the Court lacks personal jurisdiction him.

14

15  **III.    ARGUMENT**

16          **A.    The Court Lacks Personal Jurisdiction Over Defendant Meng**
               **because His Contacts with California Do Not Satisfy Due Process.**
17

18          The basis for asserting personal jurisdiction over a non-California resident is

19  set forth in the California long-arm statute, which is coextensive with the U.S.

20  Constitution's Due Process Clause – and improper in this case.  *See* Cal. Civ. Pro.

21  Code §410.10 (2012).  In determining whether the exercise of jurisdiction over a

22  non-California resident by a California court is proper, the Court analyzes the

23  defendant's contacts with California under the Due Process clause. *Autogenomics,*

24  *Inc. v. Oxford Gene Technology, Ltd.*, 566 F.3d 1012, 1017 (Fed. Cir. 2009).  When

25  a defendant is not physically present in the forum state, the defendant's maintenance

26

27

28                                          -10-

of a website that is accessible to forum residents alone does not create sufficient contacts to confer personal jurisdiction upon the Court. *Cybersell Inc. v. Cybersell Inc.*, 130 F.3d 414, 418 (9th Cir. 1997), citing *Bensusan Restaurant Corp. v. King*, 937 F. Supp 295, 297 (S.D.N.Y. 1996); *see also Panavision Int'l, LP v. Toeppen*, 141 F.3d 1316, 1320-21 (9th Cir. 1998).

The United States Court of Appeals for the Ninth Circuit and the United States District Court for the Central District of California apply the "sliding scale" test articulated in *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997), to determine whether personal jurisdiction lies in the forum state. *See Gator.com Corp. v. L.L. Bean, Inc.*, 341 F.3d 1072 (9th Cir. 2003) (applying the sliding scale test to determine whether personal jurisdiction existed in California):

> [E]ven if the only contacts L.L Bean had with California were through its virtual store, a finding of general jurisdiction in the instant case would be consistent with the "sliding scale" test that both our own and other circuits have applied to internet-based companies. *See, e.g., Cybersell*, 130 F.3d at 417-19. This test requires both that the party in question "clearly [do]  business over the Internet," *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997), and that the internet business contacts with the forum state be substantial or continuous and systematic. *See Revell v. Lidov*, 317 F.3d 467, 470-71 (5th Cir. 2002); *accord Coastal Video Comm. Corp. v. Staywell Corp.*, 59 F. Supp. 2d 562, 571 (E.D. Va. 1999). Recognizing that an online store can operate as the functional equivalent of a physical store, the test does not require an actual presence in the state. Rather,

-11-

546470.1

the nature of the commercial activity must be of a substantial enough nature that it "approximate[s] physical presence." *Bancroft & Masters, Inc. v. August Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000), citing *Gates Learjet v. Jensen*, 743 F.2d 1325, 1331 (9th Cir. 1984).

341 F.3d at 1079-1080.

Under this test, "the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of *commercial activity* that [the defendant] conducts over the Internet." *Zippo*, 952 F. Supp. at 1124 (emphasis added).

Under *Zippo*, one end of the spectrum are situations where a defendant clearly does business over the Internet with a significant number of residents of a certain jurisdiction. If the defendant enters into contracts with residents of that jurisdiction that involve the knowing and repeated transmission of goods over the Internet, then personal jurisdiction is proper. On the other end of the spectrum are situations where information is simply posted on an information-only website, which happens to be accessible around the world. A passive website that does little more than make information available to those who are interested in it is not grounds to invoke personal jurisdiction. *Zippo*, 952 F. Supp. at 1124. The middle ground is occupied by interactive websites where users can exchange information and conduct business. In these cases, the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information occurs on the website. *Id.* (citations omitted).

In this case, Meng is not physically present in California (Compl. ¶¶ 3-4 ;

-12-

Meng Decl. ¶ 2-4, 12-16).  Boxun News, of which Meng is the owner, is not incorporated California, nor does it maintain an office or have any employees in the state.  (Meng Decl. ¶¶ 2-4, 12-16, 28-29)  Boxun News has not designated an agent for service of process in California, nor has it engaged in any print or broadcast advertising.  (*Id.*)  The only "presence" that Meng has in the state is, as the Complaint states, his essentially non-commercial, minimally interactive website, which is accessible to residents of California in the same way that it is accessible to users anywhere in the world.  (*Id.* ¶ 16)  Therefore, to determine jurisdiction, this Court must decide where on the sliding scale Meng's website falls.  If it is passive, it is "not grounds for the exercise of personal jurisdiction." *Zippo*, 952 F. Supp. at 1124.  If, however, Meng clearly conducts intentional business with California residents, then personal jurisdiction is proper. *Id.*  If his website is somewhere in the middle, the Court must consider "the level of interactivity and the commercial exchange of information that occurs on the Web site." *Id.*

As outlined below, the Court's exercise of personal jurisdiction in this case would be improper.

### 1.   The Court lacks General Personal Jurisdiction over Meng because He Lacks Substantial Contacts with California.

The guiding principle for assertion of personal jurisdiction is fundamental fairness:  a nonresident defendant whose contacts with the forum state are continuous and systematic should not escape the judicial reach of the forum merely because it is not incorporated there or otherwise physically present. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984).  Thus, "[e]ven

-13-

when the cause of action does not arise out of or relate to the foreign corporation's activities in the forum State, due process is not offended by a State's subjecting the corporation to its *in personam* jurisdiction when there are sufficient contacts between the State and the foreign corporation." *Id*.  Conversely, fairness and reasonableness dictate that an organization with only attenuated or sporadic contacts with the forum should not be called upon to defend itself there.  *Burger King v. Rudzewicz*, 471 U.S. 462, 475 (1985); *Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 1990) (holding that personal jurisdiction could not be exercised over individual partners within a partnership absent evidence of their contacts with the forum state).

The standard for general jurisdiction is high:  "the…commercial activity must be of a substantial enough nature that it 'approximate[s] physical presence.'" *Gator.com*, 341 F.3d at 1079 quoting *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000).  Accordingly, the Ninth Circuit has drawn a distinction between "doing  business in" the forum state and "doing business with" the forum state.  *Bancroft*, 223 F.3d at 1086.  "Factors to be taken into consideration are whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there."  *Id.*

No court has exercised general personal jurisdiction over a defendant based solely on that defendant's Internet presence in the forum state.  Particularly, the *Gator.com* court observed that "even if the only contacts [the defendant] had with California were through its virtual store, a finding of general jurisdiction in the instant case would be consistent with the 'sliding scale' test," the website at issue in

-14-

that case was "clearly and deliberately structured to operate as a sophisticated virtual store in California." *Gator.com*, 341 F.3d at 1078.  The plaintiff in *Gator.com* had alleged that the defendant, a Maine corporation, operated a website "from which very large numbers of California consumers regularly make purchases and interact with [the defendant's] sales representatives." *Id.*  In that case the totality of the defendant's contacts with California involved a thriving mail-order component and national print and broadcast advertising. *Id.*  In the instant case, defendant Meng is the owner of a passive, non-commercial news site, whose purpose is to deliver political news about China to Chinese citizens living abroad.  The Boxun site is not hosted or located within California. (Meng Decl. ¶¶ 4-6; Exh. A)  Meng's actions through Boxun completely lacked commercial component (Meng Decl. ¶¶ 4-6, 12-16, 27), starkly unlike the website at issue in the *Gator.com* case, and Meng's actions were not specifically targeted at California (*id*. ¶¶ 4, 12-16, 28).  As seen in Exhibit B, California has no presence among the top 10 cities to view Boxun.

Courts have declined to find personal jurisdiction even where a defendant maintains an interactive website and has other contacts with the forum state.  In *Boschetto*, 539 F.3d at 1016 n.2, the Ninth Circuit noted that "[t]he district court summarily, and correctly, rejected Boschetto's contention that the defendants could be subject to general jurisdiction in California."  The District Court in that case noted that the plaintiff, a California resident, unsuccessfully argued that the non-resident defendants were subject to general personal jurisdiction in California because their website could be accessed from within the state. *Boschetto v. Hansing*, No. C-06-1390, 2006 WL 1980383 at *1 (N.D. Cal. 2006).  The defendants had

546470.1

allegedly sold, via the Internet auction site eBay.com, defective vehicles to the plaintiff.  *Id.* at *1.

Here, Plaintiff has not alleged that Defendant Meng has any commericial relationship with or interest in the state of California (*see* Compl. ¶ 3).  Plaintiff has also not alleged that Defendant Meng sells any goods or services in the state (*id.*).  In fact, all that Plaintiff alleges is that Meng (through China Free Press, which is represented by separate counsel) "seeks and attracts a *nationwide audience*" without any specific reference to California at all (*id.*).  On the face of the Complaint, the only thing it is clear that resides in California are Plaintiff's attorneys.

The Complaint's insufficiency in tying Meng to California is compounded by the evidence submitted with this Motion.  Boxun News is noncommercial, and has no mechanism for monetizing its visitors' use of the site.  (Meng Decl. ¶¶ 4-6, 12-16, 27)  Boxun does not have any advertising on its site, nor any solicitation of donations or other compensation (*id.*).  In fact, the site primarily receives its funding from grants and donations that are obtained "offline," without using the site at all.  (*Id.*)  Finally, Plaintiff does not allege that Meng has a physical presence in California nor that any such business has ever been conducted or even attempted in California by Defendants.  The Complaint states only that the site can be viewed by residents of California, and that is not enough.

The Complaint fails to allege that Meng:  (1) has a physical presence in California; (2) has incorporated Boxun there; (3) maintains an office or has any employees in California; or (4) has designated an agent for service of process for Boxun within the state.  The type of activity supporting personal jurisdiction present

-16-

1
2
3
4
5
6
7

in *Gator.com* is absent in this case.  The only "presence" that Defendant Meng has in California is his involvement with a  non-commercial website, which is accessible to residents of California in the same way that it is accessible to users anywhere in the nation and in most of the world.  (*Id.* ¶ 2-4, 12-16)  While the Boxun News website does have some level of interactivity due to its forums, it is a far cry from and not analogous to the "sophisticated virtual store" at issue in *Gator.com*.

8
9
10
11
12
13
14
15

Based solely on the Complaint, it is apparent where Boxun falls on the interactivity spectrum.  As an informational website with no commercial activity, the Boxun website, is "not grounds for the exercise of personal jurisdiction" against Defendant Meng under *Zippo Mfg Co.*, 952 F. Supp. at 1124.  The lack of any commercial exchange at all, let alone a "significant" amount, and the lack of interactivity compels the conclusion that general personal jurisdiction over Meng would be improper in this case.

16
17
18
19
20
21
22

Boxun is interactive only in the most limited sense while existing as an Internet news site, allowing individual viewers to receive data about China by clicking on links to relevant articles and images.  It is not a "highly interactive website…from which very large numbers of [forum state] consumers regularly make purchases and interact with [the defendants'] sales representatives." *Gator.com*, 341 F.3d at 1078.

23
24

**B.     It Would Be Improper for the Court to Exercise Specific Personal Jurisdiction over Meng.**

25
26

In the absence of general personal jurisdiction, a court may use specific personal jurisdiction to find personal jurisdiction over a defendant.  The Ninth

27
28

-17-

Circuit employs a three-pronged test to determine whether the exercise of specific jurisdiction over a non-resident is appropriate:

>   (a)   The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
>   (b)   the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
>   (c)   the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

*Boschetto*, 539 F.3d at 1016.  The plaintiff bears the burden of proving the first two prongs.  *Id.*  If the plaintiff succeeds in establishing that the claim arose out of the defendant's purposeful activity within the forum state, the burden then shifts to the defendant to "come forward with a 'compelling case' that the exercise of jurisdiction would not be reasonable."  *Id.*

>   **1.**   **Meng did not perform any purposeful act directed at the State of California or its residents, did not purposefully direct any conduct at California, and there was no foreseeable harm from the allegedly tortious article.**

In *Calder v. Jones*, 465 U.S. 783 (1984), the Supreme Court announced the so-called "effects" test for determining when specific personal jurisdiction lies. That test requires: (1) an intentional act (2) that is expressly aimed at the forum state and (3) causes injury that the defendant knows is likely to be suffered in the forum state.  *See Brayton Purcell LLP v. Recordon & Recordon*, 575 F.3d 981, 986 (9th Cir. 2009).  In *Calder*, which involved the publication of allegedly libelous

-18-

546470.1

stories about the plaintiff, the Ninth Circuit held that where "California [wa]s the focal point both of the story and of the harm suffered, [j]urisdiction over petitioners [wa]s therefore proper in California based on the "effects" of their Florida conduct in California."  465 U.S.  at 789.

Here, Meng has not performed any intentional act.  (*See* Meng Decl. ¶¶ 2-5, 12-16, 27-29.)  While Meng has allegedly operated the Boxun site from North Carolina, he has not taken any specific action to harm Plaintiff.  All Meng has allegedly done is continue to operate a website available to Internet users all over the globe.  To the extent these regular maintenance activities may be construed as intentional acts, they are not dispositive on the issue of specific personal jurisdiction.  In *Mavrix Photo, Inc. v. Moguldom Media Group LLC*, this District held that specific personal jurisdiction was improper despite the defendant's intentional acts because, as here, there had been no aiming of the website into California, and only minimal interactiveness on the non-commercial site. Case No. CV 10-9351, *2011 U.S. Dist. LEXIS 36477* at *10 (C.D. Cal. Mar. 28, 2011).  Thus, even if Meng's actions *were* intentional, finding they created specific jurisdiction in this District would be improper: the *Calder* test requires all three of its elements – intentional action, express direction into the forum state, and foreseeability of harm in the forum state – to be present for specific personal jurisdiction to exist. 465 U.S. at 783.

Meng's activities must also be specifically directed at California residents for personal jurisdiction to be proper.  *See Millennium Enters., Inc. v. Millennium Music, LP*, 33 F. Supp. 2d 907, 921 (D. Or. 1999) (declining to exercise jurisdiction

-19-

where "plaintiff offers no evidence that defendants targeted Oregon residents with the intent or knowledge that plaintiff could be harmed through their Web site," notwithstanding that forum residents could make purchases on defendant's website). Although Plaintiff has appeared in a few films released in the United States, Zhang is a resident of China and primarily popular within that nation for her work in Chinese films and commercials (Compl. ¶¶ 1, 8-9).  Readers of Boxun News would be more interested in Zhang for her popularity in China—not because of her appearances in U.S. films (Meng. Decl. ¶¶ 20-22).  This is particularly the case where Boxun's reporting on Plaintiff was part and parcel of its exposition on Bo Xilai, a leading and scandal-mired figure in China's Central Communist Party (*id.* ¶¶ 18-21).  Boxun's coverage of Plaintiff was not intended to be about Plaintiff herself, but rather an incidental story to the broader downfall of Bo Xilai (*id.*). While California readers can access Boxun News' site, the intended audience of Boxun News are former or current Chinese citizens living abroad. (*Id.*)

If Meng specifically targeted the content relevant to this case at California residents, then they might be subject to personal jurisdiction in California.  *See Calder*, 465 U.S. at 790; *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 803 (9th Cir. 2004); *Sinatra v. Nat'l Enquirer, Inc.*, 854 F.2d 1191, 1195 (9th Cir. 1988).  That, however, is not the situation here, as Meng's actions and the Boxun site as a whole are not directed to California or its residents.  Even if Meng purposefully wrote and published the allegedly defamatory article, the lack of aim into California would still be insufficient to create specific personal jurisdiction in the state.

546470.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The Ninth Circuit has required "individualized targeting" to satisfy the express aiming requirement. *Brayton Purcell*, 575 F.3d at 988.  In *Brayton Purcell*, the Court found purposeful direction where the defendant, a southern California law firm, had copied text from the website of the plaintiff, a northern California law firm whose practice extended to southern California, and pasted that text verbatim on its own website. *Id.*  The court reasoned that this individual targeting of a known forum resident, which allegedly created competition for the plaintiff and confusion as to authorship of the text, amounted to express aiming.  *Id.* at 987.  However, where the effects of the defendant's actions are insufficient to confer jurisdiction, additional contacts and specific aiming of the site into the forum state must be present.  *See Calder*, 465 U.S. at 790; *Schwarzenegger*, 374 F.3d at 803; *Sinatra*, 854 F.2d at 1195.

Meng did not direct any conduct at or attempt to conduct any actual commerce with California residents (Meng Decl. ¶¶ 2-4, 12-16, 20-22, 27-28).  Unlike *Brayton Purcell*, where the court rested its analysis on the defendant's aiming his conduct at a plaintiff residing within the forum state, Zhang resides in China – not California.  Immediately, that case is distinguishable from the instant facts.  While *Calder*, *Schwarzenegger*, and *Sinatra* all require the *sine qua non* of specific aiming of tortious conduct into the forum state for a court to exercise specific personal jurisdiction, such behavior is absent here (*see id.*).  To the extent that Plaintiff's vague claim that "Boxun News is an international publication targeted toward Chinese readers around the world, including readers located in the State of California" can be credited, it is speculation rebutted by evidence

-21-

accompanying this motion.

The information provided by Meng's site is accessible in Maine, North Carolina, and any other state or nation where the website is accessible – including California. However, California receives no different treatment than any other state or country where Boxun is available (Meng Decl. ¶¶ 12-16; Exh. B). Nor is there any indication that Boxun's information is in any way tailored to California residents or specifically marketed to them. Exhibit B demonstrates, if anything, a lack of interest among Californians. While there is no dispute that Boxun is available in California, the mere ability of California residents to click on a web page is not sufficient to create specific personal jurisdiction over Meng.

Meng, therefore, has not expressly aimed his conduct at California, nor has he engaged in the type of individual aiming found in *Brayton Purcell*. Moreover, in cases such as *Brayton Purcell* there was a commercial element to the defendants' activities. Here, there is no commercial activity at bar (Meng Decl. ¶¶ 4, 12-16, 27). The Complaint states only that it "is actively cultivating a nationwide audience in the United States and is actively cultivating this audience for its own commercial benefit." (Compl. ¶ 3) While this attempts to skirt around the reality that Boxun is a non-commercial website, it does not refute the reality that Meng has no commercial relationship with California, with or without Boxun.

Turning to the final element of the effects test, foreseeable harm, "this element is satisfied when defendant's intentional act has 'foreseeable effects' in the forum." *Brayton Purcell*, 575 F.3d at 988. "[T]his element does not require that the 'brunt' of the harm be suffered in the forum, as some previous cases had suggested,

-22-

546470.1

and that this element may be established even if the 'the bulk of the harm' occurs outside the forum" *Id. citing Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1207 (9th Cir. 2006).

The Boxun articles at issue concerned a Chinese citizen and resident, and discussed her conduct within China.  Boxun's statements about Plaintiff concerned her conduct with numerous figures within China.  By Plaintiff's own admission, her fame and professional endeavors in China and abroad are substantial (Compl. ¶ 9).

As all of the Boxun statements concern a Chinese citizen and resident's conduct within China (Compl. ¶¶ 1-9) – and are directed to Chinese citizens (*id.* ¶ 3) – it was not foreseeable for Meng, a North Carolina resident, to face suit in Los Angeles, California. "[T]he foreseeability that is critical to due process analysis … is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being hauled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).  Reporting only that Plaintiff was a Chinese citizen residing– and enaging in the reported-upon activities – within China, there was no foreseeable connection between Boxun's statements and the state of California.  Even looking to where the 'bulk of the harm' occurs, the allegations contained in Plaintiff's Complaint indicate that her real harm was suffered in China, rather than Los Angeles or even the United States. *Brayton Purcell*, 575 F.3d at 988.  Indeed, Boxun did not specifically target Zhang, but reported on her as part of its broader investigation of corruption within China (Meng Decl. ¶¶ 17-20).  While Meng may have anticipated legal threats emanating from China, Boxun's reports did not provide him with a reasonable anticipation of being

-23-

hauled into court in California.  "The unilateral activity of those who claim some

relationship with a nonresident defendant cannot satisfy the requirement of contact

with the forum State."  *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

### 2.   Plaintiff's claims did not arise out of Meng's California-related activities, as there are none.

In order for the California Court to exercise specific personal jurisdiction over

Defendant, the claims at issue must have arisen from or be related to Defendant's

California-related activities.  The Ninth Circuit applies a "but for" test in

determining whether a claim arose from a defendant's contacts with the forum state.

*Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995).  If, but for the defendant's

forum-related activities, the plaintiff's injury would not have occurred, the "arising

out of" requirement is satisfied.  *See Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1131-32 (9th Cir. 2003).

In this case, the "but for" test is not satisfied.  Although Meng's website is

accessible to California residents, it is no more accessible there than to residents of

any other state.  There is no evidence or even allegation that any California residents

accessed the article or that any access by California residents to the website was

anything more than *de minimis*.  Thus, Plaintiff's claims did not "arise out of"

Defendant's Califonia-related activities, and, as a result, specific personal

jurisdiction does not exist in this case.

### 3.   This Court's Exercise of Specific Personal Jurisdition Would Be Unreasonable.

A court's exercise of jurisdiction over a defendant must comport with notions

of substantive justice and fair play and must be reasonable.  *Boschetto*, 539 F.3d at

-24-

1016.  The Ninth Circuit and the Central District of California consider seven factors when assessing the reasonableness of jurisdiction:  (1) the extent of a defendant's purposeful interjection; (2) the burden on the defendant in defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.  *CYBERsitter, LLC v. P.R.C.,* 805 F. Supp. 2d 958, 973-74 (C.D. Cal. 2008) (citing *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1021 (9th Cir. 2002)). Courts weigh each of these factors together, and no single factor alone is dispositive. *CYBERsitter,* 805 F. Supp. at 974.

Often, the first factor, "interjection," is significant to the court's determination of the reasonableness of exercising jurisdiction in a particular case.  However, if the defendant purposefully directed its activities to the forum state, then interjection is no longer considered. *Id.*  The defendant in *CYBERsitter*, unlike Meng, did not operate a passive website, but specifically attempted to distribute copyrighted material through the use of personal computers. *Id.* at 972.  Because the defendant in *CYBERsitter* directed its activity at the forum state, interjection was not considered. *Id.* at 974.

Interjection served as an important factor in *Rio Properties*, the 9th Circuit case that *CYBERsitter* cited to in its reasoning. In *Rio Properties*, the Ninth Circuit upheld the District of Nevada's finding that its exercise of specific jurisdiction was reasonable because Rio International, based in Costa Rica, ran advertisements in

-25-

Nevada and solicited business there through means other than its website.  *Rio Props.*, 284 F. 3d at 1021.  Moreover, the plaintiff's principal place of business was in Nevada, making it a convenient forum for litigation, and Rio International had not proposed any alternative forum for litigation.  *Id.*

Almost all of the factors on which the Ninth Circuit and the Central District of California have predicated any finding of specific personal jurisdiction are absent in this case.  The most important *CYBERsitter* factors weigh in Meng's favor— Meng has not interjected himself into the Central District of California on a level that gives rise to specific personal jurisdiction, and has not specificlaly sought or transacted business in California.  Meng's only action in this case was to create a non-commercial, informational and passive website that is accessible to Californians on the same basis as others around the world (Meng Decl. ¶¶ 2-4, 12-16, 27-28). Additionally, and unlike the defendant in *Rio Properties*, Meng did not go beyond providing information accessible via the Internet by taking any additional steps, such as providing advertising or other commercial activity on the Boxun site, that would constitute "interjection" into the forum state.  The *Rio Properties* court based its finding of personal jurisdiction upon Rio International's advertising in Nevada. In contrast, Defendant has involved himself in no advertising or other commercial activity in California, nor is there even a claim that the article in question was ever related to advertising or commercial activity by Defendant.

Second, because Meng has no contacts with California, he would suffer severe hardship in terms of cost and asymmetries of information if forced to defend a lawsuit in the Central District of California.  Meng is a resident of North Carolina.

1   (*Id.* ¶ 2.)  He administers the independent news site Boxun News from North

2   Carolina (*id.* ¶¶ 2-4)  It would be unfair and burdensome for Defendant Meng to be

3   called on to defend himself in a forum with which he has no contacts and in which

4   he did not anticipate causing injury, especially when it involves a non-commercial,

5   passive website's reporting on individuals and events located in China.

6          The fifth *CYBERsitter* factor, the efficient resolution of this dispute, is related

7   to Meng's unavoidable burden if he is required to defend this lawsuit before this

8   Court.  Because virtually all of the testimonial and most of the documentary

9   evidence in this matter would be located in North Carolina, it would be more

10  efficient, and far less onerous on Meng, for a court in North Carolina to resolve this

11  case (Meng. Decl. ¶¶ 27-29).  As Plaintiff is a renowned actress whose projects have

12  allegedly grossed between $500,000,000 and $1,000,000,000 worldwide, she clearly

13  possesses sufficient resources to obtain sophisticated counsel and prosecute her case

14  in Meng's proper jurisdiction (Compl. ¶¶ 8-9).  Moreover, as Plaintiff is a citizen

15  and resident of China, and events underlying her alleged defamation occurred there

16  (*id.* ¶¶ 2, 10-12), the relevant facts for resolving this dispute are *not even located in*

17  *this jurisdiction*. (*See* Meng Decl. ¶¶ 20-22)  As such, Plaintiff will face no

18  prejudice by pursuing Meng before a North Carolina court, where personal

19  jurisdiction would be proper.

20         As none of the parties in this action actually reside in the Central District of

21  California, it can only have minimal interest (if any) in adjudicating this dispute.

22  While Plaintiff is not be a resident of this district, nor shall she be a resident of

23  North Carolina, the North Carolina court shall have greater interest in adjudicating

28                                                    -27-

the rights of one of its residents – Meng – than this Court's interest in according relief to a foreign plaintiff against a foreign defendant (Meng Decl. ¶¶ 2, 20-22, 28-29).  The law of California and North Carolina both recognize defamation and Plaintiff's other asserted torts, and she will not be deprived of adjudication of her rights if forced to pursue such claims in the proper jurisdiction.  In fact, it would be easier to enforce certain kinds of relief, such as the injunctive relief Zhang seeks in North Carolina because of Defendant's presence there (*id.*).  Thus, this factor weighs against the exercise of jurisdiction by this Court.

North Carolina's courts would provide a suitable, and even superior, alternative forum for adjudication of Plaintiff's claims.  This factor, too, weighs against the exercise of jurisdiction by this Court.  Thus, it would not be reasonable for this Court to exercise specific personal jurisdiction over Defendant.  The overwhelming factual evidence in this case demonstrates that this Court possesses neither general nor specific personal jurisdiction over Meng.

## IV.   CONCLUSION

Under the Due Process clause of the United States Constitution, Meng's contacts with California are insufficient to confer this Court with personal jurisdiction over him – whether general or specific in nature.  Accordingly, this Court should dismiss Plaintiff's Complaint against Meng for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2).

/ /

/ /

-28-

1      DATED this 15th day of August, 2012

2  Respectfully Submitted,

3                                                RANDAZZA LEGAL GROUP

4

5

6                                                _____

7                                                Marc J. Randazza
                                                 Jason A. Fischer
8                                                *Attorneys for Defendant,*
                                                 *Weican Null Meng*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                   -29-

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I am a representative of Randazza Legal Group and that on this 15th day of August, 2012, I caused the document(s) entitled:

### DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

and all attachments to be served by the Court's CM/ECF system.

/s/ Marc J. Randazza
Marc J. Randazza

Randazza
Legal Group
6525 W. Warm Springs
Suite 100
Las Vegas, NV 89118
(888) 667-1113