Marc J. Randazza (California Bar No. 269535)
Jason A. Fischer (California Bar No. 275469)
RANDAZZA LEGAL GROUP
mjr@Randazza.com
jaf@Randazza.com
6525 W. Warm Springs Road, Suite 100
Las Vegas, NV 89118
Telephone: 888-667-1113
Facsimile: 305-437-7662
www.Randazza.com

Attorneys for Defendant,
*Weican Null Meng*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHANG ZIYI, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CHINA FREE PRESS, INC., a North Carolina non-profit corporation doing business as BOXUN NEWS; WEICAN NULL MENG, an individual known as WATSON MENG and also WEICAN "WATSON" MENG; DOES 1-25, inclusive,<br><br>Defendants. | Case No. CV12-5216-DMG (PLAX)<br><br>**DECLARATION OF YE "KEN" WANG IN SUPPORT OF DEFENDANT'S SPECIAL MOTION TO STRIKE UNDER CALIFORNIA CIVIL PROCEDURE CODE § 425.16** |

I, Ye "Ken" Wang, declare under penalty of perjury pursuant to the laws of the United States that the following are true:

1.  I have personal knowledge of the facts set forth below, and I am competent to testify regarding these facts and statements. I declare that all statements made herein of my own knowledge are true.

1

2. I am a Chinese citizen and resident of the United States, specifically the State of Pennsylvania.

3. I hold a Bachelor's of Engineering degree in Telecommunication Engineering and Intellectual Properties Laws from Shanghai University in 1996.

4. As a consequence of holding this degree, I passed the bar examination and was entitled the qualification to practice law in China by the Ministry of Justice of China. But I did not practice law prior to moving to the United States due to personal career choice.

5. Since residing in the United States, I have earned a Masters in Business Administration in Information Systems and Finance from the Washington State University in 2004.

6. I continued my education at the Washington State University, earning a Ph.D. in Business Administration from that institution in 2008.

7. I am presently an Assistant Professor in the Division of Management and Education at the University of Pittsburgh's Bradford campus since 2008.

8. As an assistant professor, I teach a variety of classes to students, including those pertaining to innovative technologies, electronic commerce, business intelligence, system analysis and design, and application development.

9. Prior to teaching at the University of Pittsburgh's Bradford campus, I also taught undergraduate and graduate students at the Washington State university for three years.

10. In addition to my teaching, I have published numerous refereed (i.e., peer-reviewed) articles in research journals, and given presentations at similarly

Randazza
Legal Group
6525 W. Warm Springs
Suite 100
Las Vegas, NV 89118
(888) 667-1113

refereed conferences. I also contributed a chapter regarding the support and use of knowledge networks to The Encyclopedia of Knowledge Management (2004).

11. Additionally, I am or have been a member of the Association of Information Systems (AIS), the Academy of Management (AOM), the Decision Sciences Institute (DSI), and the Institute for Operations Research and the Management Sciences (INFORMS).

12. My academic experience and accomplishment has informed me of what is required to produce credible, reliable research and repeatable findings. I have applied these principles to my other research, which focuses on comparative legal research – namely, comparing the legal systems of the United States and China.

13. As a Chinese citizen with Chinese legal training, and the ability to practice law in China if properly barred, I am innately familiar with the principles and operations of the Chinese legal system.

14. Additionally, as a resident of the United States for ten (10) years, I am familiar with the general principles of the American legal system; additionally, I conduct research into the American legal system, such as reading court decisions and articles about the operations of America's courts and legislature written by practitioners, observers and academics.

15. I use this research to write a legal analysis web log, or "blog," I maintain at <http://blog.sina.com.cn/ykenwang>. On that site, I write in Chinese about developments in the United States legal system and frequently compare them to the Chinese legal system in order to inform others of the differences between the

two, particularly in the area of constitutional human rights.

16. I have been writing this blog since February 2010.

17. Additionally, I author columns about the United States and Chinese legal system for <163.com> (namely NetEase, a subsidary controlled and operated by NetEase, Inc. listed on Nasdaq under the symbol NTSE), one of the major portal websites and online communities in China that discusses a broad variety of issues. Two of my columns on legal issues can be accessed at <http://view.163.com/12/0703/08/85FOHDLN00014MO9.html> and <http://view.163.com/12/0703/08/85FOHDLN00014MO9.html>.

18. In addition to online portal websites and communities, I also author columns for a newspaper Southern Metropolitan Daily, which is popular in southern China and used to be known for its dissenting political views.

19. A number of my articles addressing sensitive subjects, including but not limited to the comparison of the United States and Chinese constitutional rights, have been removed from my blog, <163.com>, and the online version of <Southern Metropolitan Daily> due to censorship by the Chinese authorities. For example, the Chinese government ordered the removal of my recent column for Southern Metropolitan Daily about the United Staes Supreme Court's ruling in *United States v. Alvarez* after its publication because of its discussion advocating American-style freedom of speech.

20. Based on this experience with both the Chinese and United States legal systems and knowledge of the facts of this case, I am able to make the following conclusions.

21. First, the anonymous sources for Boxun news are, if identified, in very grave risk of harm to their liberty and even their lives.

22. While China does have laws ensuring a level of due process, they are unevenly enforced, with disparities in due process depending on the crime charged and the politicians in charge of the province and even city where an arrest is made.

23. Because the information provided to Boxun by its currently anonymous sources causes China to lose face by virtue of the Bo Xilai scandal as reported by the international and United States media, these sources face a distinct risk of receiving minimal, if any, due process protections if identified.

24. If the anonymous sources Meng relied on in his report on Plaintiff are identified, it is all but certain they will be arrested – at minimum. China has a very vague definition of what constitutes "state secrets," and any person who speaks ill of the government, even in the form of an opinion or true statement, may be charged with unlawfully sharing state secrets.

25. In 2003, Chinese lawyer Zheng Enchong was convicted of "unlawful providing state (national) secret to foreign bodies," a criminal offense in China, and sentenced to three years in prison by a court in Shanghai.

26. The secret that government authorities accused Zheng Enchong of providing to a United States-based organization was merely a news report on a forced demolition conflict between some local residents and the government authorities. Such information was deemed to be state secret by the court because it had been mentioned in an internal report within Xinhua News Agency, a news service owned and operated by the Chinese government.

27. Even though Zheng acquired the information underlying his conviction from a different source, he was nevertheless accused of leaking state secret on the ground that such information was concerning "national security and benefits." There are controversies in China's state secret laws that the status of a state secret itself is a state secret so that one may be accused and convicted of leaking state secret without knowledge of it being a state secret.

28. If the anonymous sources are arrested and tried for such distribution of state secrets, their proceedings will be held in secret; there will be no public records and the accused will not be entitled to trial by a jury. In addition, the appraisal of state secrets is an exclusive power by the National Secret Bureau, whose conclusion is to be used as evidence and cannot be challenged at court.

29. Still other hallmarks of American due process will be lacking in any Chinese prosecution of Boxun's anonymous sources. If charged and identified, the sources will not be allowed to cross-examine witnesses who testify against them.

30. While the accused may be appointed an attorney by the Chinese government, the state-appointed attorney may not be competent or effective, and may not be motivated to effectively represent the client.

31. Finally, although these cases will be decided by a group of judges, the accused may not be assured of a fair ruling, as the judges presiding over the cases are subject to instructions from other powers, such as the head of the court, the judging committee of the court (a committee made up of senior judges in charge of "important, complex, and difficult cases"), and most importantly the Politics and Law Committee ("PLC") of the Communist Party.

32.     The PLC does not enjoy any powers under written law, but the body's *de facto* power gives it jurisdiction over judges, prosecutors, police, and other law enforcement agencies and how they are treated by the Party.   Thus, the court may have to ask for opinions from the PLC before a case enters public hearing until it is finally ruled.

33.     Such involvement by the PLC severely undermines the court's independence and neutrality in disputes, particularly those with a political dimension – including the potential cases Meng's anonymous sources would face if identified in China.

34.     All of the foregoing assumes, perhaps charitably, that Boxun's anonymous sources would receive a trial and any form of due process after being identified.

35.     As seen from the nature of the Bo Xilai affair itself, which involves the mysterious death of an English businessman, with which Mr. Bo may have been complicit or even an accomplice, there remains a significant amount of opacity with respect to China's legal system.

36.     Because of the inconsistency of how China's laws are applied and enforced, there is a likelihood that any anonymous Boxun source who is identified would not be arrested and put on trial, but be retaliated and discriminated against in future career development or education opportunities, or receive threats against their family members, or in most extreme cases be attacked or even killed.

37.     While the Chinese government has taken steps to improve its administration of justice, and more aggressive steps still to improve its image on

human rights issues, it still possesses a poor track record for recognizing various freedoms.

38. I am aware that other Boxun journalists have been imprisoned for their actions in support of the publication.

39. I am also aware of the Chinese government's actions with respect to the Tienemen Square incident of – which the Communist Party now denies any wrongdoings – and the Communist Party's aggressive crack-down on religions that are not directly under state control, including the underground Christian churches that do not wish to join the government-controlled official churches.

40. On that basis, I do not believe that any anonymous Boxun contributors would receive any due process if identified, and would be charged with overly broad crimes – crimes they did not commit.

41. This manifest lack of any due process guarantees further leads me to believe that there is an unacceptable risk that any confiential Boxun sources who are identified will face great bodily harm, or even death, at the direction of the Communist Party.

42. I have not served as an expert witness in the last four years. As my compensation for providing expert testimony in this matter, I am charging Defendant Weican Null "Watson" Meng $200.00 per hour.

//

//

//

I declare under penalty of perjury that the foregoing is true and correct to the

8

best of my knowledge.

EXECUTED this August 15, 2012 in BRADFORD, Pennsylvania

_____
Ye "Ken" Wang