```
 1  JOHN MASON - State Bar No. 51116
     jmason@glaserweil.com
 2  PATRICIA L. GLASER - State Bar No. 55688
     pglaser@glaserweil.com
 3  ADAM LEBERTHON - State Bar No. 145226
     aleberthon@glaserweil.com
 4  ALEXANDER M. KARGHER – State Bar No. 259262
     akargher@glaserweil.com
 5  GLASER WEIL FINK JACOBS
      HOWARD AVCHEN & SHAPIRO LLP
 6  10250 Constellation Boulevard, 19th Floor
    Los Angeles, California 90067
 7  Telephone:  (310) 553-3000
    Facsimile:   (310) 556-2920
 8
    Attorneys for Plaintiff Zhang Ziyi
 9
    Additional counsel listed on next page
10
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHANG ZIYI, an individual,<br><br>           Plaintiff,<br><br>   v.<br><br>CHINA FREE PRESS, INC., a North Carolina non-profit corporation doing business as BOXUN NEWS; WEICAN NULL MENG, an individual also known as WATSON MENG and also known as WEICAN "WATSON" MENG; DOES 1-25, inclusive,<br><br>           Defendants. | CASE NO.: cv 12-5216-DMG (PLAx)<br><br>**JOINT REPORT OF FED. R. CIV. P. RULE 26(f) CONFERENCE** |

JOINT RULE 26(f) REPORT

776319

1  JAMES ROSENFIELD (*pro hac vice*)
   jamesrosenfield@dwt.com
2  865 S. Figueroa Street, 24th Floor
   Los Angeles, California 90017
3  Telephone: (213)-633-6800
   Facsimile: (213)-663-6899
4
   Attorneys for Defendant China Free Press, Inc.
5

6  MARC J. RANDAZZA – State Bar No. 269535
   mjr@randazza.com
7  RANDAZZA LEGAL GROUP
   6525 W. Warm Spring Road, Suite 100
8  Las Vegas, NV 89118
   Telephone: (888)-667-1113
9  Facsimile: (305)-437-7662

10 Attorneys for Defendant Weican Null Meng

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 26-1, and the Court's Scheduling Conference Order dated July 25, 2012, plaintiff Zhang Ziyi ("Plaintiff") and defendants China Free Press, Inc. ("China Free Press") and Weican Null Meng (China Free Press and Weican Null Meng shall be referred to collectively as "Defendants"), by and through their counsel of record, conducted the conference of counsel required by Rule 26(f), and hereby submit the following Joint Report.

**Plaintiff's Short Synopsis of the Principle Issues In The Case**

This action is necessary to restore the reputation and vindicate the rights of Plaintiff Zhang Ziyi, an international motion picture actress. Boxun News has repeatedly published reports that she is a prostitute who has earned over $100 million by having sexual relations with Chinese government officials and others, and it now accuses her of being a "proxy" for the Chinese government. The Boxun reports were republished by other media outlets around the world. Boxun News has since refused to print a retraction and has instead stated publicly that the reports are "believed to be true." But none of the underlying reports are true, and Boxun News never had any legitimate basis to publish them. It never contacted Ms. Zhang before it published the reports to confirm any of the alleged "facts" or obtain a comment from her. Indeed, to date Boxun News has never even revealed the source of any of the defamatory statements about Ms. Zhang. Instead, all of the reports were published anonymously and attributed only to unnamed sources. According to the Boxun News website, its mission is to "become the #1 most trusted Chinese online news service by insisting on 'Independence' and 'Journalistic Objectivity.'" Boxun News has apparently abandoned this mission in its quest for salacious headlines at the expense of Ms. Zhang. She now seeks, *inter alia*, general and special damages for the injuries caused to her reputation and business interests.

**Defendants' Short Synopsis Of The Principal Issues In The Case**

Defendants maintain that the challenged publications are protected by the First Amendment of the United States Constitution and by applicable statutory privileges, and that Mr. Meng had an adequate basis to publish them about Plaintiff, a public figure, under both relevant law and applicable, standardized journalistic practices.  Mr. Meng further maintains that this case represents not a celebrity seeking genuine redress for a wrong, but an effort by the Chinese government (albeit by proxy) to attack and retaliate against an independent journalistic critic of its brutal and repressive practices.  The lawsuit places Mr. Meng in a grave quandary:  if he reveals the sources for his stories, he exposes them to arrest and imprisonment without due process in China, and even torture.  Thus, Plaintiff has placed Meng in a position of defending his constitutional rights to free speech, such as his statements about Plaintiff, or revealing his heretofore anonymous sources and subjecting them to harsh punishments at the hands of the government they seek to rightly criticize.

In addition, China Free Press is not an appropriate party to this lawsuit.  China Free Press, founded by Mr. Meng in 2004, is a a non-profit organization devoted to promoting free speech and democracy in China by supporting writers and reporters in China.  Since its inception, China Free Press has provided free web hosting to over a dozen well-known websites for Chinese dissidents, which have broken news stories about some of the most prominent newsworthy incidents in China, including the SARS scandal, the avian flu outbreak, and the corruption scandal involving Bo Xilai.  For instance, Boxun has been a major source of uncensored news in China since 2000, regularly covering instances of human rights violations.  However, China Free Press has nothing to do with the content that appears on the sites that it hosts, including the articles at issue in this lawsuit.  Yeeka, LLC (the company which publishes Boxun) and China Free Press are completely separate and have different accounts, books, offices, personnel (other

than Mr. Meng), operations and purposes; neither entity controls or manages the other or serves as a "shell" or instrumentality of the other. The Communications Decency Act § 230 immunizes China Free Press from liability for Boxun's content.

**1. Discovery Related Matters and Pre-Trial Schedule**

    **A.    Initial Disclosures**

Plaintiff and Defendants (jointly, the "Parties") have agreed to make all initial disclosures by August 24, 2012

    **B.    Preservation of Documents**

The Parties have agreed to preserve all discoverable information, including, without limitation, all documents, electronically stored information, and tangible things, in any way related to the allegations in Plaintiff's Complaint.

    **C.    Proposed Discovery Plan**

        **1.    Plaintiff's Proposed Discovery Plan**

Plaintiff's Complaint against Defendants asserts claims for (i) libel *per se*, (ii) false light invasion of privacy, (iii) intentional interference with prospective economic advantage, (iv) negligent interference with prospective economic advantage, and (v) unlawful business practices under Cal. Bus. & Prof. Code § 17200. Plaintiff's claims arise out of Defendants' repeated publication of defamatory reports that Plaintiff is a prostitute who earned in excess $100 million by having sexual relationships with Chinese government officials and others, which reports have been republished by other media outlets around the world.

Plaintiff believes that several categories of discovery are necessary in connection with her claims. Those categories of discovery include, but are not limited to: (i) information related to the identity of Defendants' source(s); (ii) information related to the relationship between and among the Defendants, and the relationship between Defendants, on the one hand, and www.boxun.com, on the other hand; and (iii) information related to personal jurisdiction.

3
JOINT RULE 26(f) REPORT

**Discovery re: Identification of Defendants' Source(s)**

Plaintiff believes that discovery related to the source(s) Defendants relied on when they published these false reports is critical to their case. With respect to this category of discovery, Plaintiff anticipates seeking discovery regarding, but not limited to, the following subjects: the identity of Defendants' sources; contact information for Defendants' sources; any efforts by Defendants to verify the information provided by their sources related to the reports they published about Plaintiff; and any efforts by Defendants to verify any other information previously provided by the sources who provided information related to the reports they published about Plaintiff. Although much of this information should be provided through Initial Disclosures under Fed. R. Civ. P. 26, Defendants have informed Plaintiff that, at least for purposes of their Initial Disclosures, they intend to withhold the identity of their sources. Plaintiff has offered to enter into an appropriate protective order in an effort to assuage Defendants' concerns about confidentiality, but Defendants continue to refuse to disclose the identity of these important witnesses. As a result, Plaintiff believes that discovery on this issue likely will require interrogatories, requests for production, requests for admission, depositions, and ultimately may require motion practice. Nonetheless, Plaintiff will meet and confer with Defendants pursuant to Local Rule 37-1 in an effort to resolve any issues that arise in connection with this category of discovery.

***Alter Ego* Discovery re: The Relationship Between Defendants, And Between Defendants And www.boxun.com**

In addition, Plaintiff believes that *alter ego* discovery concerning the relationship between Defendants, on the one hand, and Boxun News, on the other hand, will be necessary. With respect to this category of discovery, Plaintiff anticipates seeking discovery regarding, but not limited to, the following subjects: the relationships between China Free Press and Boxun News; the relationship between China Free Press and Weican Null Meng; the relationship between

Weican Null Meng and Boxun News; the management structure of China Free Press; the management structure of Boxun News; the relationship between www.boxun.com and www.boxun.us; the relationships between Weican Null Meng and www.boxun.us; and the relationship between Weican Null Meng and www.chinafreepress.com.  Plaintiff believes that discovery on these issues will require interrogatories, requests for production, requests for admission, depositions, and ultimately may require motion practice.  Nonetheless, Plaintiff will meet and confer with Defendants pursuant to Local Rule 37-1 in an effort to resolve any issues that arise in connection with this category of discovery.

### **Discovery On Issues Of Personal Jurisdiction**

Because defendant Weican Null Meng has filed a motion to dismiss for lack of personal jurisdiction, discovery into the issues of general and specific jurisdiction is necessary.  With respect to this category of discovery, Plaintiff anticipates seeking discovery regarding, but not limited to, the following subjects: readership of Boxun News in California; the origination of Boxun News' stories; and the writers of Boxun News' stories.  Plaintiff believes that discovery on this issue will require interrogatories, requests for production, requests for admission, depositions, and ultimately may require motion practice.  Nonetheless, Plaintiff will meet and confer with Defendants pursuant to Local Rule 37-1 in an effort to resolve any issues that arise in connection with this category of discovery.

### **2.    Defendants' Proposed Discovery Plan**

As a preliminary matter, Defendants maintain that initial discovery should be narrowed to that permitted by the Court to respond to Mr. Meng's motion to dismiss for lack of jurisdiction and Defendants' anti-SLAPP motions.

If Mr. Meng's motions are not successful, Defendants anticipate seeking discovery from Plaintiff including a deposition of her and possibly of third parties, requests for production of documents (including direct or indirect communications with the Chinese government officials mentioned in the articles), interrogatories,

and requests for admission relating to damages and to Plaintiff's relationship with the Chinese government officials named in the articles.

Defendants anticipate that the protection of Defendants' sources will be a major issue in the case. Though Defendants will meet and confer and negotiate in good faith in an attempt to resolve these issues, and have agreed with Plaintiffs to do so as a primary method of addressing such conflicts, Defendants anticipate that motion practice – either a motion to compel or a motion for a protective order – may be necessary. Defendants believe that revealing their anonymous sources could expose those unnamed sources and their families and associates to real and palpable danger, including but not limited to arrest and imprisonment without due process, and physical abuse without any pretense of due process. Though this Court can control what happens to witnesses in the United States, it cannot control what happens to them in China. Defendants anticipate litigation over whether they should, or can, be compelled to reveal their sources.

### 3. Discovery of Electronically Stored Information and Form of Production

The parties have agreed to produce electronic documents in PDF format for electronic review. Specifically, the parties agree to exchange the following:

- PDF files created from the native files (endorsed with bates numbers and the appropriate confidentiality legend, if any)
- Document text (OCR or extracted from native files to the extent available), in separate TXT file, with file name corresponding to the file name of the TIFF image
- The following extracted metadata from the native files:
    - Visible email headers;
    - File system metadata to the extent available;
    - Application metadata to the extent available; and

Plaintiff's counsel has indicated that they use Relativity; however Meng's

counsel does not use Relativity.  In the interest of expediency and convenience for both sides, the parties have agreed not to produce load files.

### 4. Changes in the Limitations on Discovery and Other Matters

#### a. Electronic Service Agreement

The parties have agreed to electronic service of all documents not filed with the Court in accordance with Fed. R. Civ. P. 5(b)(2)(E), and that three days will be added to the deadline to respond in accordance with Fed. R. Civ. P. 6(d).

#### b. Document Translation

Plaintiff and Mr. Meng discussed cost-sharing for the translation of documents written in Mandarin/Cantonese (or other foreign languages) by an independent third party translation service provider.

While the requesting party ordinarily bears the cost of translating documents produced in response to a request, the producing party will want to ensure that the documents do not contain privileged and proprietary information before producing them, and thus also carries the burden of paying for the translations to accomplish this.  Accordingly, instead of the parties respectively paying for two separate, duplicative translations, Plaintiff and Mr. Meng have tentatively agreed to share the cost of one translation to be performed by an independent third party translator, the rates for which shall be pre-approved by both parties, thereby also eliminating disputes regarding the accuracy of the translations.  The parties will revisit this cost-sharing if China Free Press remains in the case after initial motions.

### D. Proposed Discovery Schedule

#### 1. Plaintiff's Proposed Pre-Trial Schedule:

- Fact Discovery Cutoff: April 12, 2013
- Initial Expert Disclosures: April 12, 2013
- Rebuttal Expert Disclosures: May 17, 2013
- Expert Discovery Completion Date: June 14, 2013
- Mediation Completion Date: June 14, 2013

- Motions for Summary Judgment to be filed by: July 1, 2013
- Last day for hearing Summary Judgment Motion: August 16, 2013

### 2. Defendants' Proposed Pretrial Schedule

Plaintiff's proposed schedule is acceptable to Defendants.

## 2. Law And Motion Matters

In addition to the Motion to Dismiss filed by defendant Weican Null Meng on August 15, 2012, the Parties believe that the following motions will be filed, pursuant to the schedules proposed above:

### A. Plaintiff's Motions

In addition to any necessary discovery motions, Plaintiff may move for summary judgment. Plaintiff reserves her rights to argue by motion any other issue that arises and which cannot be resolved of through a conference of counsel as provided for under Local Rule 7-3.

### B. Defendants' Motions

In addition to any necessary discovery motions, Defendants will likely file anti-SLAPP motions and may move for summary judgment. Defendant Meng will file his anti-SLAPP motion by August 17, 2012. Defendant China Free Press, Inc. anticipates filing any anti-SLAPP motion by early September 2012. Defendants specifically contemplate making motions for protective orders with respect to the identities of the Defendants' anonymous sources, and responding to Plaintiff's motion or motions to compel, as specified above. Defendants reserve their rights to argue by motion any other issue that arises and which cannot be resolved of through a conference of counsel as provided for under Local Rule 7-3.

## 3. Settlement Efforts to Date

The parties have engaged in limited settlement discussions, but to date they have not been able to reach a negotiated resolution of this matter.

## 4. Additional Parties to be Added

### A. Plaintiff

Depending on the results of discovery related to Defendants' sources, Plaintiff might add those sources as parties to this dispute. In addition, depending on the results of discovery related to the relationships between Defendants, on the one hand, and www.boxun.com, on the other hand, Plaintiff might add additional corporate parties including, without limitation, an entity known as Yeeka, LLC.

### B. Defendants

Defendants do not anticipate adding additional parties at this time.

## 5. Trial

The Parties anticipate a 2 week long jury trial.

## 6. Issues Affecting Status or Management of Case

It may be necessary to conduct discovery in China or other foreign countries. As a result, discovery could take significantly longer than in cases in which all discovery can be conducted domestically.

## 7. Severance, Bifurcation, or Other Ordering of Proof

### A. Plaintiff's Proposed Severance, Bifurcation or Other Ordering of Proof

Plaintiff does not anticipate filing any motion to sever, bifurcate, or otherwise order proof at this time. However, to the extent there is need for any severance, bifurcation, or other ordering of proof, Plaintiff reserves her rights to argue for such orders as this litigation progresses.

### B. Defendants' Proposed Severance, Bifurcation or Other Ordering of Proof

Defendants maintain that initial discovery should be narrowed to that permitted by the Court to respond to Mr. Meng's motion to dismiss for lack of jurisdiction and Defendants' anti-SLAPP motions. In addition, Defendants may seek bifurcation of liability and damages.

### 8. Amendment Of Pleadings

Depending on the outcome of discovery related to the issues of (i) *alter ego* and (ii) Defendants' sources, Plaintiff may seek leave to amend its pleadings to add additional parties as defendants.

### 9. Issues That May Be Determined By Motion

#### A. Plaintiff

Plaintiff believes that the issue of liability may be determined by motion practice.

#### B. Defendants'

Defendants believe that the issues of jurisdiction over this case by the Court, liability, and applicable defenses and privileges can be determined by motions.

### 10. Alternative Dispute Resolution Procedure

The Parties have agreed to Local Rule 16-15.4(3), appearance before a retired judicial officer or other private or non-profit dispute resolution body for non-judicial settlement or mediation proceedings.

DATED: August 17, 2012

GLASER WEIL FINK JACOBS
HOWARD AVCHEN & SHAPIRO LLP

By: /s/ Alexander M. Kargher
JOHN MASON
PATRICIA L. GLASER
ADAM LEBERTHON
ALEXANDER M. KARGHER
Attorneys for Plaintiff Zhang Ziyi

DATED: August 17, 2012

DAVIS WRIGHT TREMAINE

By: /s/ James Rosenfield
JAMES ROSENFIELD
Attorneys for Defendant China Free Press, Inc.

776319

1  DATED:  August 17, 2012

RANDAZZA LEGAL GROUP

2  By: /s/ Mark J. Randazza
MARK J. RANDAZZA
3  Attorneys for Defendant Weican Null Meng

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

776319