1  LORING ROSE (State Bar No. 251727)
    loringrose@dwt.com
2  DAVIS WRIGHT TREMAINE LLP
   865 South Figueroa Street, Suite 2400
3  Los Angeles, California  90017-2566
   Telephone:  (213) 633-6800
4  Fax:  (213) 633-6899

5  JAMES ROSENFELD (admitted pro hac vice)
    jamesrosenfeld@dwt.com
6  DAVIS WRIGHT TREMAINE LLP
   1633 Broadway
7  New York, New York  10019
   Telephone:  (212) 489-8230
8  Fax:  (212) 489-8340

9
   Attorneys for Defendant
10 CHINA FREE PRESS
   (erroneously sued herein as "China Free Press
11 doing business as Boxun News")

12                UNITED STATES DISTRICT COURT

13                CENTRAL DISTRICT OF CALIFORNIA

14

15 ZHANG ZIYI, an individual,          ) Case No. CV 12-5216-DMG (PLA)
                                       )
16            Plaintiff,               ) Assigned to the Hon. Dolly M. Gee
                                       )
17                                     ) **[PROPOSED] ORDER GRANTING**
                                       ) **SPECIAL MOTION OF CHINA**
18       vs.                           ) **FREE PRESS TO STRIKE**
                                       ) **PLAINTIFF'S COMPLAINT**
19                                     )
                                       )
20 CHINA FREE PRESS, a North           )
   Carolina non-profit corporation    ) Hearing Date:  October 12, 2012
21 doing business as BOXUN NEWS;       ) Courtroom:        7
   WEICAN NULL MENG, an                ) Time:            9:30 a.m.
22 individual known as WATSON          )
   MENG and also WEICAN                ) [Lodged with Defendant's Special
23 "WATSON" MENG; and DOES 1-          ) Motion to Strike Plaintiff's Complaint,
   25, inclusive,                      ) and the Declarations of James
24                                     ) Rosenfeld, Michael Goettig and
             Defendants.               ) Weican "Watson" Meng with Exhibits
25                                     ) A Through C]
                                       )
26                                     ) Action Filed:  June 14, 2012
                                       )
27                                     )
   _____)
28

On October 12, 2012, Defendant CHINA FREE PRESS's ("CFP") Special Motion To Strike Plaintiff's Complaint came on for hearing in Courtroom 7 before the Honorable Dolly M. Gee.  Having reviewed and considered the motion and all other papers submitted and having heard the arguments of the parties, if any, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT** CFP's Special Motion To Strike Plaintiff's Complaint is **GRANTED** in its entirety.

The Court finds that:

Because Plaintiff's claims against CFP for libel *per se*, false light invasion of privacy, intentional and negligent interference with prospective economic advantage, and unlawful business practices in violation of California Business and Professions Code Section 17200, *et seq.* arise from "conduct in furtherance of the exercise of . . . the constitutional right of free speech in connection with a public issue or an issue of public interest," all of the claims are subject to a special motion to strike under California Code of Civil Procedure Section 425.16.  Consequently, Plaintiff has the burden of demonstrating a probability that she will prevail on each of the claims she asserts.  *See* Cal. Code Civ. Proc. § 425.16(b)(1).  Plaintiff has not met her burden for each of the following separate and independent reasons:

1.      Plaintiff's claims against CFP are barred by Section 230 of the Communications Decency Act, 47 U.S.C. § 230, which immunizes internet service providers from claims that seek to hold them liable as the publisher or distributor of third party content.  Section 230 requires that "(1) the defendant be a provider or user of an interactive computer service; (2) the cause of action treats the defendant as a publisher or speaker of information; and (3) the information at issue be provided by another information content provider."  *Gentry v. eBay, Inc.*, 99 Cal. App. 4th 816, 830, 121 Cal. Rptr. 2d 703 (2002).  CFP meets each of these requirements:

a.      CFP is a provider of an interactive computer service.  An "interactive computer service" is "any information service, system, or access

1

[PROPOSED] ORDER
DWT 20307139v1 0200500-000001

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the Internet…." 47 U.S.C. § 230(f)(2). "[C]ourts have … adopt[ed] a relatively expansive definition of 'interactive computer service.'" *Batzel v. Smith*, 333 F.3d 1018, 1028-30 (9th Cir. 2003). CFP is an information service that "provides or enables computer access by multiple users to a computer server." 47 U.S.C. § 230(f)(2).

b. Plaintiff seeks to treat CFP as the publisher or speaker of content provided by a third party – here, the Boxun News website. *See* 47 U.S.C. §§ 230(c)(1), (e)(3). "[W]hat matters is not the name of the cause of action … [but] whether [it] inherently requires the court to treat the defendant as the 'publisher or speaker' of content provided by another." *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1101-02 (9th Cir. 2009). The Complaint treats CFP as the publisher of the content in question, and seeks to hold it liable for defamation and other torts based on that content.

c. CFP is not the "information content provider" of the content in question. An "information content provider" is "any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service." 47 U.S.C. § 230(f)(3). Courts have adopted a "restrictive definition of 'information content provider.'" *Carafano v. Metrosplash.com, Inc.,* 339 F.3d 1119, 1123 (9th Cir. 2003). A service provider does not become a content provider merely by making other entities' content available. *See, e.g., Parisi v. Sinclair*, 774 F. Supp. 2d 310, 318-21 (D.D.C. 2011) (Barnes & Noble is internet service provider, not information content provider, of book descriptions posted on website); *Chicago Lawyers' Committee for Civil Rights Under the Law, Inc. v. Craigslist, Inc.*, 461 F. Supp. 2d 681, 698-99 (N.D. Ill.

2

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

2006) (Craigslist is not an information content provider of discriminatory advertisements on its site); *Corbis Corp. v. Amazon.com, Inc.*, 351 F. Supp. 2d 1090, 1117 (W.D. Wash. 2004) (Amazon is not an information content provider of content posted by third-party vendors).  Since CFP made the content available on its servers without reviewing, selecting or editing it, CFP is not an information content provider of that content.

2.      Plaintiff has not established that CFP is the "alter ego" of defendant Weican Null Meng.  Although Meng is a member of CFP's Board of Directors, such membership alone is insufficient to establish that CFP is Meng's alter ego.

3.      Plaintiff has not established that CFP is the "alter ego" of Yeeka, the owner and publisher of Boxun News.  CFP has presented evidence that the two corporations have separate accounts, books, offices, personnel, operations and purposes, and are separately controlled and separately financed.  Although Meng serves on the board of directors for both CFP and Yeeka, this alone is insufficient to show the presence of alter ego liability.  *See, e.g., Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1135 (9th Cir. 2003); *Zero Motorcycles, Inc. v. Pirelli Tyre S.p.A.,* 802 F. Supp. 2d 1078, 1094 (N.D. Cal. 2011).

4.      Plaintiff has not proved that CFP acted with actual malice.  *See New York Times Co. v. Sullivan*, 376 U.S. 254, 271-72, 84 S. Ct. 710, 11 L. Ed. 2d 686 (1964).  The actual malice standard is a constitutional requirement intended to encourage "uninhibited, robust, and wide-open" debate on public issues, *id*. at 270, and requires a public-figure plaintiff to prove that the defendant published a false statement "with 'knowledge that it was false or with reckless disregard of whether it was false or not.'"  *Masson v. New Yorker*, 501 U.S. 496, 510, 111 S. Ct. 2419, 115 L. Ed. 2d 447 (1991) (citation omitted).  The First Amendment further requires that a plaintiff prove actual malice by "clear and convincing" evidence.  *Anderson v.*

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Liberty Lobby, Inc.*, 477 U.S. 242, 255-57, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). The evidence must "be such as to command the unhesitating assent of every reasonable mind." *Beilenson v. Superior Court*, 44 Cal. App. 4th 944, 950, 52 Cal. Rptr. 2d 357 (1996). A plaintiff opposing a special motion to strike must satisfy this clear-and-convincing-evidence standard. *See, e.g., Rosenaur v. Scherer*, 88 Cal. App. 4th 260, 275-78, 105 Cal. Rptr. 2d 674 (2001); *Sipple v. Foundation For Nat. Progress*, 71 Cal. App. 4th 226, 247, 83 Cal. Rptr. 2d 677 (1999); *Bradbury v. Superior Court*, 49 Cal. App. 4th 1108, 1117, 57 Cal. Rptr. 2d 207 (1996). CFP provided the servers for the alleged defamatory content, without participating in the development of the content itself in any way. This does not amount to actual malice.

For these reasons, the Court **GRANTS** CFP's Special Motion to Strike Plaintiff's Complaint in its entirety, and enters judgment in favor of CFP and against Plaintiff. CFP is the prevailing party for purposes of recovering its attorneys' fees and costs, pursuant to California Code of Civil Procedure Section 425.16(c).

IT IS SO ORDERED.

DATED: _____          _____
                                    Hon. Dolly M. Gee
                                    United States District Court Judge
                                    For the Central District of California

[PROPOSED] ORDER

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899