Marc J. Randazza (California Bar No. 269535)
Jason A. Fischer (California Bar No. 275469)
RANDAZZA LEGAL GROUP
ecf@Randazza.com
6525 W. Warm Springs Road, Suite 100
Las Vegas, NV 89118
Telephone: 888-667-1113
Facsimile: 305-437-7662
www.Randazza.com

Attorneys for Defendant,
*Weican Null Meng*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHANG ZIYI, an individual,<br><br>            Plaintiff,<br><br>      vs.<br><br>CHINA FREE PRESS, INC., a North Carolina non-profit corporation doing business as BOXUN NEWS; WEICAN NULL MENG, an individual known as WATSON MENG and also WEICAN "WATSON" MENG; DOES 1-25, inclusive,<br><br>            Defendants. | Case No. CV12-5216-DMG (PLAX)<br><br>**DEFENDANT WEICAN NULL MENG'S *EX PARTE* MOTION FOR LEAVE TO SUPPLMENT THE SPECIAL MOTION TO STRIKE UNDER CALIFORNIA CIVIL PROCEDURE § 425.16** |

Randazza
Legal Group
6525 W. Warm Springs
Suite 100
Las Vegas, NV 89118
(888) 667-1113

# DEFENDANT WEICAN NULL MENG'S *EX PARTE* MOTION FOR LEAVE TO SUPPLMENT THE SPECIAL MOTION TO STRIKE UNDER CALIFORNIA CIVIL PROCEDURE § 425.16

**PLEASE TAKE NOTICE** that Defendant Weican Null Meng ("Meng"), will and hereby does move for an *ex parte* order:

1. Granting leave to Meng to supplement its Special Motion to Strike Under California Civil Procedure § 425.16 with the recently received Declaration of David Ardia; or

2. Alternatively, granting Meng relief from the scheduling order to file the Declaration of David Ardia with an amended motion.

Pursuant to Local Rule 7-19, Meng's counsel contacted plaintiff's counsel on Wednesday, November 14, 2012 by email to advise plaintiff's counsel of the substance of the proposed application. Plaintiff's counsel is Adam LeBerthon, whose contact information is 10250 Constellation Boulevard, 19th Floor, Los Angeles, CA 90067-6219, 310-556-7830, aleberthon@glaserweil.com. Plaintiff's counsel indicated that he will oppose this application.

Dated November 21, 2012                    Respectfully Submitted,
                                            RANDAZZA LEGAL GROUP

                                            _____
                                            Marc J. Randazza
                                            Jason A. Fischer
                                            Attorneys for Defendant,
                                            Weican Null Meng

Randazza Legal Group
6525 W. Warm Springs
Suite 100
Las Vegas, NV 89118
(888) 667-1113

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION

Watson Meng brings this application for permission to file a recently-received declaration as a supplement to its pending Special Motion to Strike Under California Civil Procedure § 425.16. (Dkt 21.)  Defendant made diligent efforts to obtain the information contained in the declaration initially, but due to the fact that an anti-SLAPP motion must be filed on very short notice, identifying and retaining experts on such short notice was a challenge, especially given the Defendant's limited financial means.  As soon as the Defendant knew that it could procure the declaration, it alerted the Plaintiff and offered a date for deposition of the declarant and to grant the Plaintiff an extension of time to file its opposition.  **Exhibit A.** There is no good reason to exclude the document.  It is probative and will assist the court in resolving this case on an expedited basis, as mandated by Cal. Code Civ. Pro. Sect. 425.16.  Should the court deny its admission at this time, the Court will simply re-review it on a later summary judgment motion (should the existing motion without this document not be sufficient to terminate the case).  As a matter of judicial economy, it makes no sense to exclude it.

Accordingly, Defendant submits that good cause exists to allow Defendant to file the declaration as a supplement to its pending motion so the Court will have a full factual record in making its determination at the Anti-SLAPP hearing.[1]

//
//
//

---

[1] Pursuant to Local Rule 7-19, Meng's counsel contacted plaintiff's counsel on November 14, 2012 by email to advise plaintiff's counsel of the substance of the proposed application. Plaintiff's counsel is Adam LeBerthon, whose contact information is 10250 Constellation Boulevard, 19th Floor, Los Angeles, CA 90067-6219, 310-556-7830, aleberthon@glaserweil.com. Plaintiff's counsel indicated that he will oppose this application.

- 3 -

## 2. *EX PARTE* RELIEF IS WARRANTED

In order to justify *ex parte* relief, the moving party must establish: (1) that its cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures, and (2) that it is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect. *See Mission Power Eng'g Co. v. Continental Cas. Co.,* 883 F. Supp. 488, 492 (C.D. Cal. 1995). Both elements are present here. Moreover, strict procedural requirements may be relaxed on a motion for summary judgment filing where no prejudice results. *Whelan v. Potter,* 2012 U.S. Dist. LEXIS 115248 (E.D. Cal. Aug. 14, 2012) (late opposition and declarations to motion for summary judgment permitted). No prejudice will result to any party if this motion is granted.

First, Defendant will be irreparably prejudiced if *ex parte* relief is not granted. The Anti-SLAPP law, California Code Civ. P. § 425.16 grants the Defendant a right to be free from trial, as well as liability. *Batzel v. Smith*, 333 F.3d 1018, 1025-26 (9th Cir. 2003); *Metabolic Research, Inc. v. Ferrell*, 693 F.3d 795, 801 (9th Cir. 2012) (California's anti-SLAPP law provides for immunity from trial, not just liability). However, in Federal Court, the litigation process is not stayed immediately upon the filing of a 425.16 motion. Accordingly, the Defendant has already been subjected to more litigation and expense then 425.16 textually tolerates.

The Court should, at the least, have a full record before it rules on the pending motion. See *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985) (where possible, cases should be decided on the merits). In the event that Professor Ardia's report is not considered, the Court will rule on an incomplete record that, if complete, would conclusively resolve the case. Professor Ardia's expert report conclusively establishes that the articles at issue in

Randazza Legal Group
6525 W. Warm Springs
Suite 100
Las Vegas, NV 89118
(888) 667-1113

this case could not possibly have been published with knowing falsity or a reckless disregard for the truth – the applicable standard in this case. *New York Times Co. v. Sullivan*, 376 U.S. 254, 280-82 (1964) (imposing liability for defamation of public figures only where the speaker acted with actual malice – knowing falsity of the published information, or a reckless disregard for its truth). See also *Harte-Hanks Communications v. Connaughton,* 491 U.S. 657, 688 (U.S. 1989) (requiring more than a mere departure from "prudent conduct" to constitute a reckless disregard for the truth necessary to demonstrate actual malice in defamation of a public figure); *St. Amant v. Thompson,* 390 U.S., 727, 731 (1968) ("[t]here must be sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication" to find a reckless disregard for the truth); *Garrison v. Louisiana,* 379 U.S. 64, 74 (1964) (requiring a plaintiff to show the defendant possessed a "high degree of awareness of . . . probable falsity" to establish reckless disregard of the truth); *Newton v. National Broadcasting Co.*, 930 F.2d 662, 680 (9th Cir.1990) (holding that mere negligence "can never give rise to liability in a public figure defamation case"). Plaintiff must show a probability that she can prove by clear and convincing evidence that Meng acted with a reckless disregard for the truth to prevail in this action. *Annette F. v. Sharon S.*, 119 Cal. App. 4th 1146, 1167 (Cal. Ct. App. 2004). "[P]ublic figures . . . who sue for defamation must establish a probability that they can produce clear and convincing evidence that the allegedly defamatory statements were made with knowledge of their falsity or with reckless disregard of their truth or falsity." *Ampex Corp. v. Cargle*, 128 Cal. App. 4th 1569, 1578 (Cal. Ct. App. 2005).

Second, Defendant is without fault in creating the situation that requires *ex parte* relief. Defendant attempted to accommodate Plaintiff by providing notice that Mr. Ardia would be one of the Defendant's witnesses in this case as early as possible. **Exhibit B.** When Defendant knew the approximate date that Mr.

Randazza Legal Group
6525 W. Warm Springs
Suite 100
Las Vegas, NV 89118
(888) 667-1113

Ardia's opinion would be available, Defendant notified Plaintiff of such. **Exhibit A.** While Mr. Ardia's declaration was provided a day later than anticipated, it was provided to Plaintiff as soon as Defendant received it. **Exhibit C.** Furthermore, to diminish any possibility of prejudice, the Defendant produced a draft of this report to the Plaintiff during his *third deposition* on November 19, 2012.

Because of the special nature of the Anti-SLAPP Motion, the standard discovery deadlines in the case are set beyond the deadlines relating to this motion. The special nature of the motion should not preclude Defendant from being able to present testimony and evidence that is acquired well within the calendar of the regular case. Defendant should not be prevented from presenting the testimony of his disclosed experts.

Finally, Plaintiff cannot assert any prejudice. On November 9, 2012, Defendant provided to Plaintiff its initial expert disclosures, despite that these disclosures are not due until April of 2013. **Exhibit B.** Defendant provided these disclosures far in advance of the deadline in order to provide Plaintiff with as much notice of the experts as possible. On November 14, 2012, Defendant informed Plaintiff that David Ardia was anticipated to have a report ready by November 19, 2012 and that Mr. Ardia would be available for deposition on November 28, 2012, should Plaintiff wish to depose him. **Exhibit A.** Defendant also offered to accommodate Plaintiff by either 1) stipulating to delay the deadline for Plaintiff's opposition to Defendant's Anti-SLAPP Motion to December 3, while still maintaining Defendant's reply deadline of December 7, or 2) stipulating to delay the hearing to provide Plaintiff with ample discovery time. *Id.* As soon as Defendant was in receipt of a draft of the Declaration of David Ardia, Defendant produced the Draft at his third deposition on November 19, 2012. As soon as Defendant received the final version of the document, Defendant faxed the document to Plaintiff's counsel. **Exhibit C.** Defendant has offered Plaintiff every

possible courtesy in this matter and has acted promptly and reasonably in attempting to provide access to Mr. Ardia and in offering to change the schedule to assist Plaintiff.

Furthermore, even if there were any prejudice that the Plaintiff could point to, it can be cured with a short continuance of the December 21 hearing. If the Plaintiff so wishes, the Defendant will consent to move the existing hearing date of December 21, 2012 to allow Plaintiff the same amount of time she would have had under Local Rule 6-1 to file her opposition to the motion, or as much time as she wishes to complete her deposition of Professor Ardia. See *Brown Bag Software v. Symantec Corp.,* 960 F.2d 1465, 1474 (9th Cir. 1992) (late-filed supplemental declaration considered on motion for summary judgment).

### 3. CONCLUSION

For the foregoing reasons, Defendant requests that the Court grant this *ex parte* application: (1) by granting Defendant leave to supplement its pending summary judgment motion with the recently –obtained Declaration of David Ardia and deeming that declaration filed without any further action, or (2) in the alternative, granting Defendant relief from the scheduling order to file an amended motion with the Declaration of David Ardia and resetting the motion for hearing.

Dated November 20, 2012        Respectfully Submitted,
                               RANDAZZA LEGAL GROUP

                               _____
                               Marc J. Randazza
                               Jason A. Fischer
                               Attorneys for Defendant,
                               Weican Null Meng

Randazza
Legal Group
6525 W. Warm Springs
Suite 100
Las Vegas, NV 89118
(888) 667-1113

- 7 -

# CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I am a representative of Randazza Legal Group and that on this 20th day of November, 2012, I caused the document(s) entitled:

**DEFENDANT WEICAN NULL MENG'S *EX PARTE* MOTION FOR LEAVE TO SUPPLMENT THE SPECIAL MOTION TO STRIKE UNDER CALIFORNIA CIVIL PROCEDURE § 425.16**

and all attachments to be served by the Court's CM/ECF system.

          /s/ Marc J. Randazza
          Marc J. Randazza