Legal caption page:

JOHN MASON - State Bar No. 51116
jmason@glaserweil.com
PATRICIA L. GLASER - State Bar No. 55688
pglaser@glaserweil.com
ADAM LEBERTHON - State Bar No. 145226
aleberthon@glaserweil.com
LISA M. ZEPEDA – State Bar No. 231125
GLASER WEIL FINK JACOBS
  HOWARD AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

Attorneys for Plaintiff Zhang Ziyi

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHANG ZIYI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CHINA FREE PRESS, INC., a North Carolina non-profit corporation doing business as BOXUN NEWS; WEICAN NULL MENG, an individual also known as WATSON MENG and also known as WEICAN "WATSON" MENG; DOES 1-25, inclusive,<br><br>Defendants. | CASE NO.: cv 12-5216-DMG (PLAx)<br><br>**OPPOSITION OF PLAINTIFF ZHANG ZIYI TO DEFENDANT WEICAN NULL MENG'S *EX PARTE* MOTION FOR LEAVE TO SUPPLEMENT THE SPECIAL MOTION TO STRIKE UNDER CALIFORNIA CIVIL PROCEDURE § 425.16** |

Plaintiff Zhang Ziyi respectfully requests that Defendant Weican Null Meng's Ex Parte Motion for Leave to Supplement the Special Motion to Strike Under California Civil Procedure § 425.16 ("Ex Parte Application") be denied.

### A. Meng Has Failed to Show Good Cause for His Failure to Timely File the Declaration of David Ardia

There is no good cause that would justify allowing defendant Weican Null Meng ("Meng") to file an additional declaration in support of his pending Special Motion to Strike Under California Civil Procedure Code § 425.16 ("Motion to Strike").  Meng filed his Motion to Strike on August 18, 2012 – over three months ago.  And two days later, he filed Defendant Weican Null Meng's Notice of Special Motion to Strike Under California Civil Procedure § 425.16 expressly stating that the Motion to Strike was based on, *inter alia*, "the Declarations of Weican 'Watson' Null Meng, Ye 'Ken' Wang, Mary Hausch, and J. Malcolm DeVoy."  The Notice made no mention of any declaration from David Ardia.

On November 9, 2012, Meng served Defendant Weican Null "Watson" Meng's Disclosure of Expert Witnesses listing Mr. Ardia as a potential expert.  But even then, Meng never indicated that he intended to rely on Mr. Ardia as an expert for purposes of his pending Motion to Strike.  It was not until November 14, 2012 – less than two weeks ago – that Meng indicated for the first time that he intended to submit a declaration by Mr. Ardia in support of his Motion.  But, even then, Meng provided no explanation as to why he was attempting to rely on new evidence to support his Motion to Strike and no legal authority that would support his untimely request to do so.

Meng's counsel now argues in the Ex Parte Application that he made unspecified "diligent efforts" to obtain Mr. Ardia's declaration sooner, and he argues further that he is "without fault" in creating this situation requiring ex parte relief.  *See* Ex Parte Application at 3-4.  But Meng provided no evidence of his

efforts to obtain Mr. Ardia's declaration sooner, and he provided no evidence to explain why he was unable to obtain it in a timely manner. In fact, the Ex Parte Application contains no admissible evidence whatsoever – only the unsworn argument of Meng's counsel. Meng's Ex Parte Application should be denied accordingly.

### B. Plaintiff Will Be Prejudiced if Meng is Permitted to File the New Declaration

It is too late for Defendant to supplement the evidence upon which his Motion to Strike is based. Under Rule 6(c)(2) of the Federal Rules of Civil Procedure, "[a]ny affidavit supporting a motion must be served with the motion." Similarly, Local Rule 7-5(b) requires that "[t]he evidence upon which the moving party will rely in support of the motion" must be "served and filed with the notice of motion."

The hearing on Meng's Motion to Strike has already been continued three times to allow Plaintiff time to conduct the deposition of Meng and one of his other designated experts, Mary Hausch. Meng never indicated that he intended to locate and disclose another expert witness when the parties negotiated and entered into the three previous stipulations to continue the hearing. By the time Meng disclosed Mr. Ardia to Plaintiff, the only time he offered to make Mr. Ardia available for deposition was November 28, 2012 – just two days before Plaintiff's opposition to the Motion to Strike is currently due. Under the circumstances, that is far too late, and Plaintiff will be substantially prejudiced if Meng is permitted to add a new expert at this late date.

### C. Meng Will Not Be Prejudiced if His Ex Parte Application is Denied

Meng argues that he will be "irreparably prejudiced" if his Ex Parte Application is not granted and he is not permitted to rely on Mr. Ardia's untimely

declaration in support of his Motion to Strike.[1] Ex Parte Application at 4. But that's not true. Meng fails to mention that his Motion to Strike is based on the declaration and deposition testimony of another expert – Mary Hausch. Like Mr. Ardia, Ms. Hausch is college journalism professor and, like Mr. Ardia, Ms. Haush has offered evidence that, in her opinion, Mr. Meng complied with the standards of care for journalists when he published a series of articles accusing Plaintiff of being a high price prostitute. Mr. Ardia's proposed declaration is thus duplicative of the declaration (and deposition testimony) of Ms. Haush, and Plaintiff has provided no explanation as to why he should be entitled to present untimely, duplicative testimony. The inability to present duplicative testimony certainly does not constitute "irreparable prejudice" as Meng's counsel now argues.

### D. If the Court Grant's Meng's Ex Parte Application, the Hearing on Meng's Motion to Strike Must Be Continued to Allow Plaintiff to Conduct Mr. Ardia's Deposition

In the event the Court grant's Meng's Ex Parte Application (which Plaintiff opposes), the hearing on the Motion to Strike will have to be further continued for approximately one month to give Plaintiff the opportunity to conduct Mr. Ardia's deposition. Under the Federal Rules of Civil Procedure, motions to strike are treated like motions for summary judgment. *See Rogers v. Home Shopping Network, Inc.*, 57 F. Supp. 2d 973, 983 (C.D. Cal. 1999) (special motion to strike under Civil Procedure Code § 425.16 treated as a motion for summary judgment under Rule 56). As a result, in the event the Court grants Meng's Ex Parte Application, Plaintiff is entitled as a matter of right to conduct Mr. Ardia's

---

[1] Conversely, he also argues that if his Ex Parte Application is denied, "the Court will simply re-review it on a later summary judgment motion (should the existing motion without this document not be sufficient to terminate the case)." *See* Ex Parte Application at 3.

1  deposition in connection with the Motion to Strike, and the hearing would have to
2  be further continued yet again in order to accommodate the necessary discovery.

\*   \*   \*

For all of the foregoing reasons, Plaintiff Zhang Ziyi respectfully requests that Defendant Weican Null Meng's Ex Parte Application be denied.

DATED: November 26, 2012

GLASER WEIL FINK JACOBS
HOWARD AVCHEN & SHAPIRO LLP

By: /s/ Adam LeBerthon
JOHN MASON
PATRICIA L. GLASER
ADAM LEBERTHON
LISA M. ZEPEDA
Attorneys for Plaintiff Zhang Ziyi