JOHN MASON - State Bar No. 51116
 jmason@glaserweil.com
PATRICIA L. GLASER – State Bar No. 55688
 pglaser@glaserweil.com
ADAM LEBERTHON – State Bar No. 145226
 aleberthon@glaserweil.com
LISA M. ZEPEDA – State Bar No. 231125
 lzepeda@glaserweil.com
GLASER WEIL FINK JACOBS
  HOWARD AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

Attorneys for Plaintiff Zhang Ziyi

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHANG ZIYI, an individual,<br><br>   Plaintiff,<br><br>   v.<br><br>CHINA FREE PRESS, INC., a North Carolina non-profit corporation doing business as BOXUN NEWS; WEICAN NULL MENG, an individual also known as WATSON MENG and also known as WEICAN "WATSON" MENG; DOES 1-25, inclusive,<br><br>   Defendants. | CASE NO.: CV 12-5216-DMG (PLAx)<br><br>**OPPOSITION OF PLAINTIFF ZHANG ZIYI TO DEFENDANT WEICAN NULL MENG'S MOTION FOR ORDER REQUIRING PLAINTIFF TO POST AN UNDERTAKING PURSUANT TO CALIFORNIA CIVIL PROCEDURE § 1030**<br><br>[Declarations of Zhang Ziyi, Ling Lucas, Michael Parks, Stanton L. Stein, and Adam LeBerthon Filed Concurrently Herewith]<br><br>Date:       January 25, 2013<br>Time:      9:30 a.m.<br>Courtroom: 7 |

## I. INTRODUCTION

By his Motion for Order Requiring Plaintiff to Post an Undertaking Pursuant to California Code of Civil Procedure section 1030 (the "Bond Motion"), defendant Weican Null Meng ("Meng") asks this Court to require Plaintiff Zhang Ziyi ("Plaintiff") to post an undertaking in the astronomical amount of $200,000, which was allegedly incurred just in connection with his Motion to Strike under California Code of Civil Procedure section 425.16 (the "Motion to Strike"). However, Meng is only entitled to any attorneys' fees if he prevails on his Motion to Strike, which is set for hearing on the same day as the Bond Motion. Thus, the Bond Motion is effectively moot. For example, if Meng's Motion to Strike is denied, Meng is not entitled to any attorneys' fees, and there will be no basis for him to seek an undertaking. If Meng's Motion to Strike is granted, Meng may be entitled to recover his attorneys' fees and the Court may simply order Plaintiff to pay those fees. In any event, the Bond Motion is entirely unnecessary.[1] For this reason, as well as those demonstrated below, the Bond Motion should be denied.

As a matter of law, "[n]othing in the Federal Rules of Civil Procedure requires a plaintiff to post a security for defendants' costs and attorney's fees." *Susilo v. Wells Fargo Bank, N.A.*, 2012 U.S. Dist. LEXIS 166638, 1-5 (C.D. Cal. Nov. 19, 2012) (denying bond motion). "Although district courts often look to state practice to determine whether it is appropriate to require plaintiff to post a security, there is no requirement that federal courts do so." *Id.* (*citing Jefferson v. Stockholders Pub. Co.*, 194 F.2d 281, 282 (9th Cir. 1952)). Additionally, when a district court considers whether to require a plaintiff to post a bond for defendants' costs, "care must be taken not to deprive a plaintiff of access to the federal courts."

---

[1] Even if the Bond Motion is granted, Plaintiff has <u>at least thirty (30) days</u> after service of the court's order to file the undertaking. Cal. Civ. Code § 1030(d) ("The plaintiff shall file the undertaking not later than 30 days after service of the court's order requiring it or within a greater time allowed by the court.")

*Id.* at *2-3; *citing Simulnet East Assocs. v. Ramada Hotel Operating Co.*, 37 F.3d 573, 575-576 (9th Cir. 1994).

The Ninth Circuit has explained that a court considering whether to require a plaintiff to post an undertaking must balance: "(i) the degree of probability/improbability of success on the merits, and the background and purpose of the suit; (ii) the reasonable extent of the security to be posted, if any, viewed from the defendant's perspective; and (iii) the reasonable extent of the security to be posted, if any, viewed from the nondomiciliary plaintiff's perspective." *Id.* at *3. Any bond required must be "fair in the light not only of the case itself and of the exigencies faced by the defendant, but also fair when illuminated by the actual financial situation of the plaintiff." *Id.* Moreover, the Ninth Circuit has cautioned that 'toll-booths cannot be placed across the courthouse doors in a haphazard fashion.'" *Id.* at *4; *quoting Simulnet East Assocs.*, 37 F.3d at 576. Accordingly, "[w]ithout any particularized showing that there is a real risk of defendants being unable to recover costs and attorney's fees to which they are entitled, there is simply no basis on which to require plaintiff to post a bond." *Id.*

In the instant case, the above factors weighs in favor of denying Meng's Bond Motion. For all of the reasons set forth in Plaintiff's opposition to Meng's Motion to Strike, this Motion should be denied because Meng will not succeed on his Motion to Strike.

Moreover, the amount of requested security is grossly unreasonable. Meng estimates that "his counsel have spent approximately <u>325 hours</u> on this litigation," and requests that Plaintiff be required to post an undertaking in the amount of $200,000."[2] (Bond Motion, p. 14:16-17 (emphasis added).) The purported value

---

[2] No evidence is provided to support this $200,000 figure. Rather, the only evidence Meng provides in support of this figure is his declaration that the reasonable value of his counsel's services is $100,000. (Affidavit of Weican Null Meng ("Meng Aff."), ¶ 11.)

of Meng's attorneys' fees, however, does not provide a proper baseline for the requested security for several reasons. First, Meng has not met his burden to establish the reasonable value of attorneys' fees and costs he purportedly incurred. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates). Second, Meng's fee request is wildly inflated. Since Meng's only basis to recover fees here is California Code of Civil Procedure § 425.16, attorneys' fees related to any other aspect of this litigation are not recoverable. Yet, as Meng's papers plainly suggest, Meng did not incur the bulk of these fees in connection with his motion to strike. (Bond Motion, 14:8-14.) Unfortunately, due to Meng's failure to provide foundational information concerning his purported fees - *e.g.,* redacted billing statements, declarations of counsel detailing their work, etc. – it is impossible to determine with any specificity the actual cost to Meng of filing his anti-SLAPP motion.[3]

Furthermore, Meng has failed to make "any particularized showing that there is a real risk of defendants being unable to recover costs and attorney's fees to which they are entitled." *Susilo*, 2012 U.S. Dist. LEXIS at *4. Instead, Meng merely contends that "because [Plaintiff] does not reside in the State of California, she should be required to post an undertaking so that Meng may be assured of recouping his fees and costs following the hearing on the Motion to Strike." Meng's conclusory assertion falls far short of making the required particularized showing that there is any risk of being unable to recover attorneys' fees, if his

---

[3] Additionally, in light of Meng's manufacturing of costs by retaining additional experts at the eleventh-hour in order to "correct" the record in his favor, and his efforts here to unreasonably inflate his fee request, assuming *arguendo* that Meng is successful, the Court would be well within its rights to deny Meng any award of attorneys' fees in connection with the Motion to Strike. *See Serrano v. Unruh*, 32 Cal. 3d 621, 635 (1982) ("A fee request that appears unreasonably inflated is a special circumstance permitting the trial court to reduce the award or deny one altogether").

Motion to Strike is granted. In the instant case, there is no showing that Plaintiff lacks attachable assets in California or the United States, and no showing that Plaintiff's assets in China would be difficult to attach. *See id.* at *3-4 (denying bond motion; finding that defendant failed to make any showing that plaintiff lacked attachable property). Similarly, there is no showing that Plaintiff lacks assets to pay Meng's purported attorneys' fees, which were incurred in connection with his Motion to Strike.[4] Thus, there is no basis whatsoever to require Plaintiff to post a bond. *See id.*

For the foregoing reasons, as well as those set forth below, the Bond Motion should be denied.

## II. ARGUMENT

### A. The Bond Motion Is Moot

As a preliminary matter, Meng is only entitled to any attorneys' fees if he prevails on his Motion to Strike, which is set for hearing on the same day as the Bond Motion. The Bond Motion is thus completely unnecessary. If Meng's Motion to Strike is denied, Meng is not entitled to any attorneys' fees and the Bond Motion must also be denied. If Meng's Motion to Strike is granted, the Court may simply order Plaintiff to pay the reasonable attorneys' fees which were incurred in connection with the Motion to Strike. In either case, the Bond Motion is moot. In that regard, even if the Motion to Strike and the Bond Motion are both granted, Plaintiff has <u>at least</u> thirty (30) days, if not a greater amount of time, after service of the court's order to file the undertaking. Cal. Civ. Code § 1030(d) ("The plaintiff shall file the undertaking not later than 30 days after service of the court's

---

[4] Furthermore, the purpose of Section 1030 is "to prevent out-of-state residents from filing frivolous lawsuits ***against California residents***." *Yao v. Superior Court*, 104 Cal. App. 4th 327, 331 (2002) (emphasis added). Meng is ***not*** a California resident, and he contends that he is not even amendable to suit here. Therefore, Meng should not be able to avail himself of the protections provided to California residents by Section 1030.

order requiring it or within a greater time allowed by the court.") As a result, there is simply no reason to require Plaintiff to post any undertaking and the Bond Motion should be denied.

### B. Meng Has Failed To Show That There Is Any Basis To Require Plaintiff To Post A Bond

"Nothing in the Federal Rules of Civil Procedure requires a plaintiff to post a security for defendants' costs and attorney's fees." *Susilo v. Wells Fargo Bank, N.A.*, 2012 U.S. Dist. LEXIS 166638, 1-5 (C.D. Cal. Nov. 19, 2012) (denying bond motion). "Although district courts often look to state practice to determine whether it is appropriate to require plaintiff to post a security, there is no requirement that federal courts do so." *Id.*; citing *Jefferson v. Stockholders Pub. Co.*, 194 F.2d 281, 282 (9th Cir. 1952). When a district court considers whether to require a plaintiff to post a bond for defendants' costs, "care must be taken not to deprive a plaintiff of access to the federal courts." *Id.* at *2-3 (*citing Simulnet East Assocs. v. Ramada Hotel Operating Co.*, 37 F.3d 573, 575-576 (9th Cir. 1994)).

Here, the relevant California statute is California Civil Procedure Code section 1030, which provides that:

> (a) When the plaintiff in an action or special proceeding resides out of the state, or is a foreign corporation, the defendant may at any time apply to the court by noticed motion for an order requiring the plaintiff to file an undertaking to secure an award of costs and attorney's fees which may be awarded in the action or special proceeding. For the purposes of this section, "attorney's fees" means reasonable attorney's fees a party may be authorized to recover by a statute apart from this section or by contract.
> (b) The motion shall be made on the grounds that the plaintiff resides out of the state or is a foreign corporation

>> and that there is a reasonable possibility that the moving defendant will obtain judgment in the action or special proceeding.

Cal. Civ. Code § 1030.

The Ninth Circuit has explained that a court considering whether to require a plaintiff to post an undertaking must balance: "(i) the degree of probability/improbability of success on the merits, and the background and purpose of the suit; (ii) the reasonable extent of the security to be posted, if any, viewed from the defendant's perspective; and (iii) the reasonable extent of the security to be posted, if any, viewed from the nondomiciliary plaintiff's perspective." *Susilo*, 2012 U.S. Dist. LEXIS 166638 at *3. Any bond required must be "fair in the light not only of the case itself and of the exigencies faced by the defendant, but also fair when illuminated by the actual financial situation of the plaintiff." *Id*. In making such a determination, the Ninth Circuit has cautioned that 'toll-booths cannot be placed across the courthouse doors in a haphazard fashion.'" *Id*. at *4; *quoting Simulnet East Assocs.*, 37 F.3d at 576. Thus, "[w]ithout any particularized showing that there is a real risk of defendants being unable to recover costs and attorney's fees to which they are entitled, there is simply no basis on which to require plaintiff to post a bond." *Id*.

In the instant case, the above factors strongly weigh in favor of denying the Bond Motion. First, for all of the reasons set forth in Plaintiff's opposition to the Motion to Strike and its supporting documents (filed concurrently herewith), Meng will not succeed on his motion. Moreover, as discussed in Section III.A above, the Bond Motion and the Motion to Strike will be heard at the same time, thus making the Bond Motion moot. Second, as discussed more fully in Section III.C below, the amount of requested security is grossly unreasonable and lacks adequate evidentiary support. Third, Meng has failed to make "any particularized showing that there is a real risk of defendants being unable to recover costs and attorney's

fees to which they are entitled." *Susilo*, 2012 U.S. Dist. LEXIS at *4. Instead, Meng contends only that "because [Plaintiff] does not reside in the State of California, she should be required to post an undertaking so that Meng may be assured of recouping his fees and costs following the hearing on the Motion to Strike." Meng's contention falls woefully short of making the required "particularized showing" that there is any risk of being unable to recover reasonable attorneys' fees, if his Motion to Strike is even granted. For example, Meng has made no showing that Plaintiff lacks attachable assets in California or the United States. *See id.* at *3-4 (denying bond motion; finding that defendant failed to make any showing that plaintiff lacked attachable property). Nor has Meng made any showing that Plaintiff's assets in China would be difficult to attach. *Id.* Similarly, Meng has made no showing that Plaintiff lacks assets to pay his purported attorney's fees, which were incurred in connection with his Motion to Strike. Thus, there is no basis whatsoever to require Plaintiff to post a bond. *See id.*

### C. The Amount Of Meng's Claimed Attorneys' Fees Is Grossly Unreasonable.

California Code of Civil Procedure § 425.16(c) provides for an award of attorneys' fees to a defendant who prevails on an anti-SLAPP motion.[5] The party seeking attorneys' fees bears the burden of documenting the reasonable hours expended in connection with their anti-SLAPP motion, and hourly rates. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *see also Center for Biological Diversity v. County of San Bernadino*, 185 Cal. App. 4th 866, 897 (2010) (attorney fee awards should only include compensation for hours reasonably spent). Fees for excessive, redundant, or otherwise unnecessary hours must be excluded from a fee

---

[5] In the unlikely event that Meng prevails on his anti-SLAPP motion, Zhang expressly reserves her rights to fully oppose any related request by Meng for fees and/or costs.

request. *Gates v. Deukmejian*, 987 F. 2d 1392, 1397 (9th Cir. 1993). At least one California court has held that a reasonable time spent on an anti-SLAPP motion is approximately 50 hours. *See Maughan v. Google Tech., Inc.*, 143 Cal. App. 4th 1242, 1249 (2006) ("This court believes that a reasonable time spent on the [anti-]SLAPP motion and the instant motion [for fees and costs] is . . . approximately 50 hours or one attorney work week.").

Unbelievably, Meng asserts - ***without any evidentiary support*** - that he has incurred or will incur $200,000[6] of "recoverable fees" and costs, and that his attorneys will have spent ***over 300 hours***[7] in connection with his anti-SLAPP motion. (Bond Motion, 13:14-14:19.) Unfortunately, since Meng failed to provide any redacted billing statements or declarations of counsel detailing their work, it is not clear how such massive and unreasonable fees were generated. This is especially troubling since Meng also states that these fees and costs were generated by other aspects of this case, *i.e.,* these fees could have been generated by, among other things, Meng's (i) Motion to Extend Time to File An Answer, (ii) Motion to Dismiss for lack of Jurisdiction, (iii) the Joint Rule 26(f) Report, and (iv) this Bond Motion. Any fees not directly related to the anti-SLAPP motion are not recoverable by Meng and should not play any role in the valuation of any undertaking. Accordingly, it is impossible to determine what portion of Meng's purported fees are related to the anti-SLAPP motion and may truly "recoverable" in the event he prevails on his motion. Therefore, to the extent that the Court is

---

[6] According to the Motion, the hourly rates for Meng's counsel are $550, $400, and $325, which makes for a blended rate of $425. At this blended rate, Meng's counsel would have needed to bill over 470 hours to have generated $200,000 in fees. In addition, to the extent that Meng's $200,000 is comprised of costs incurred in retaining non-court ordered experts, those costs are not recoupable under California law. *See* Cal. Code Civ. Proc. § 1033.5(b)(1).

[7] It is surprising that Meng's counsel, which holds itself out as having expertise in First Amendment law and ostensibly with anti-SLAPP motions, reasonably needed to spend 300+ hours researching the relevant law and drafting the anti-SLAPP motion.

inclined to require Zhang to post an undertaking in connection with Meng's anti-SLAPP motion, Zhang respectfully requests that the Court limit the undertaking's value to no more than 50-hours of work by Meng's counsel (at their blended rate of $425 an hour), or $21,250.

### III. CONCLUSION

For all of the foregoing reasons, Plaintiff Zhang Ziyi respectfully requests that this Court deny the Bond Motion. In the alternative, to the extent the Court orders Plaintiff to post a bond in connection with Meng's anti-SLAPP motion, the bond should be no more than $21,250.

DATED: January 4, 2013                GLASER WEIL FINK JACOBS
                                      HOWARD AVCHEN & SHAPIRO LLP


                                      By: /s/ Adam LeBerthon
                                          JOHN MASON
                                          PATRICIA L. GLASER
                                          ADAM LEBERTHON
                                          LISA M. ZEPEDA
                                          Attorneys for Plaintiff Zhang Ziyi