| | |
|---|---|
| 1 | Marc J. Randazza (California Bar No. 269535) |
| 2 | Jason A. Fischer (California Bar No. 275469) |
| 3 | RANDAZZA LEGAL GROUP |
|  | mjr@Randazza.com |
| 4 | jaf@Randazza.com |
| 5 | 6525 W. Warm Springs Road, Suite 100 |
|  | Las Vegas, NV 89118 |
| 6 | Telephone: 888-667-1113 |
| 7 | Facsimile: 305-437-7662 |
|  | www.Randazza.com |
| 8 | |
| 9 | Attorneys for Defendant, |
|  | *Weican Null Meng* |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ZHANG ZIYI, an individual, | Case No. CV12-5216-DMG (PLAX) |
| Plaintiff, | **DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR ORDER REQUIRING PLAINTIFF TO POST AN UNDERTAKING PURSUANT TO CALIFORNIA CIVIL PROCEDURE CODE § 1030 (ECF 43)** |
| vs. | |
| CHINA FREE PRESS, INC., a North Carolina non-profit corporation doing business as BOXUN NEWS; WEICAN NULL MENG, an individual known as WATSON MENG and also WEICAN "WATSON" MENG; DOES 1-25, inclusive, | |
| Defendants. | Date: January 25, 2013<br>Time: 9:30 a.m.<br>Courtroom: 7 |

**I. Introduction**

Plaintiff's oppositions in this case have made its true intent clear and obvious to all but the most inobservant: Plaintiff seeks to unmask the politically vulnerable sources Defendant Weican "Watson" Null Meng ("Meng," or the "Defendant") and Boxun News used to gather and report unflattering – but true – information about her. Plaintiff now seeks to stick Meng with the bill for this litigation even if he prevails under California's Anti-SLAPP statute. That result cannot stand.

-1-

Boxun's reporters have previously been imprisoned in China in connection with their assistance of the site (ECF 21-1 ¶¶ 14-17).  China has imprisoned others not affiliated with Boxun News for doing the same, under the pretenses of punishing them for the disclosure of ill-defined "state secrets." (ECF 21-3 ¶¶ 21-27)  Using Plaintiff as a proxy, the Chinese Central Communist Party seeks to strike again, using the American courts to discover the identities of those who dared to speak out about the corruption of Bo Xilai – including his sexual affairs (ECF 21-1 ¶¶ 7-21).

Despite the irrelevance of the information, Plaintiff's counsel sought the identities of these individuals in vain over nearly half of one year in discovery (ECF 30, 34, 38, 42), and still intends to obtain their identities if the case continues (ECF 53 ¶ 11).  In this quest, Plaintiff has left Meng with a sizable legal bill that she, a Chinese citizen, may skip out on paying despite any judgment this Court enters against her (ECF 43-2 ¶¶ 9-14).[1]

The fee-shifting provisions of California Civil Procedure Code 425.16(c) are intended to deter litigation filed in retaliation for one's exercise of his or her First Amendment rights.  Further, even if the SLAPP motion is denied, it will not be the only avenue for recovering legal fees.  Without assurances that Plaintiff can satisfy Meng's possible award of attorneys' fees and costs under this section, California's Anti-SLAPP statute and other remedial measures will be rendered toothless, and its purpose defeated.  As Meng has satisfied the requirements of California Civil Procedure Code § 1030, Plaintiff must post an appropriate bond in order to proceed in the case.

---

[1] Plaintiff contends that Meng's concerns are unfounded because the Court can order her to pay any attorneys' fees and costs Meng recovers in this action (ECF 46 at 2:13-14).  This is an overly optimistic view of judgment enforcement, to the point of glibness; if Courts were capable of simply ordering non-prevailing parties to pay the fees and costs of the prevailing party where appropriate, there would be no need for the entire body of law dedicated to judgment enforcement to exist.

-2-

## II. Argument

Meng has satisfied all conditions requisite for this Court to order Plaintiff to post a bond for his reasonable attorneys' fees and costs. Even if this Court considers factors beyond those enumerated in § 1030, the equities tip in favor of Plaintiff, a fantastically wealthy entertainer, posting a bond for some portion of Meng's substantial and growing expenses reasonably incurred in defending this action – expenses that have ballooned due to the Plaintiff's wasteful and abusive litigation tactics.

### a. Meng Satisfied this Court's Standard for Requiring Plaintiff to Post an Undertaking Sufficient to Satisfy his Attorneys' Fees and Costs.

Federal courts regularly require plaintiffs who are not California residents to post bonds when litigating in California and defendants satisfy the requirements of § 1030. *Pittman v. Avish Partnership*, Case No. CV 10-1390 *2011 WL at 9160942* *2 (C.D. Cal. June 2, 2011); *Gabriel Technologies Corp. v. Qualcomm, Inc.*, Case No. 08-CV-1992 2010 WL 3718848 at *1 (S.D. Cal. Sept. 20, 2010) (requiring posting of $800,000 bond); *see BigFix Asia PTE Ltd. v. BigFix, Inc.*, Case No. C 08-4023 *2009 WL 1528184* at *1 (N.D. Cal. May 29, 2009).

To meet the standards of § 1030, Meng must only show that Plaintiff is not a resident of California, and that he enjoys at least a reasonable possibility of obtaining judgment in his favor in the case. The first prong of § 1030 is not in dispute and admitted by Plaintiff. (ECF 1 ¶ 2)  The second prong of § 1030, requiring Meng to show a reasonable possibility of obtaining judgment, is addressed within his Special Motion to Strike (ECF 21) and reply briefing in support thereof, filed contemporaneously with this brief.  The evidence contained therein, and incorporated herein by reference in order to prevent duplicative argument, demonstrates that Meng enjoys at least a "reasonable *possibility*" of obtaining judgment in his favor in this litigation as required by § 1030(b) (emphasis added).

*Gabriel Technologies*, 2010 WL 3718848 at *5 (observing that defendants need only show a reasonable possibility of obtaining judgment in their favor to obtain an order directing Plaintiff to post a bond, a standard with a low evidentiary threshold).

### b. Plaintiff's Rationalizations for Refusing to Post a Bond are Unavailing.

#### i. Meng's § 1030 Motion Will Not be Moot Regardless of the Special Motion to Strike's Outcome.

Contrary to Plaintiff's claims, this motion will not be moot following the January 25, 2013 hearing on Meng's pending Special Motion to Strike (ECF 21). Plaintiff's opposition presumes that the Court will decide Meng's Special Motion to Strike on the very day of the hearing. This is not necessarily the case, as a decision and order may take weeks or even months to follow in light of the amount of evidence presented in this case and its unique procedural posture. During that time, Meng maintains a reasonable possibility of recovering his attorneys' fees and costs pursuant to his Special Motion to Strike.

Even if the Court denies Meng's Special Motion to Strike, this does not extinguish his reasonable possibility of obtaining judgment for his attorneys' fees and costs against Plaintiff. When a Court denies a motion brought under California Civil Procedure Code § 425.16, that order is immediately appealable. *Batzel v. Smith*, 333 F.3d 1018, 1024 (9th Cir. 2003); *Zamani v. Carnes*, 491 F.3d 990, 994 (9th Cir. 2007). During such an appeal, the instant action will remain pending, with the possibility of its order being reversed or vacated – leaving the door open for Meng to obtain judgment against Plaintiff for his costs and attorneys' fees following appeal.

Even if the Court denies Meng's Special Motion to Strike, his reasonable possibility of prevailing in the action is not extinguished. Under § 1030(b), Meng must show only that he has a reasonable possibility of obtaining a judgment against Plaintiff. This judgment may come following summary judgment or even after trial.

-4-

Finally, if the Court wishes to act to diminish its docket work load, Meng proposes that the Court continue the hearing on the Anti-SLAPP motion for thirty (30) days after ruling on the 1030 motion, or that the Court vacate the hearing on the 1030 motion, imposing a security requirement immediately.  Given the legal anemia from which the Plaintiff's case suffers, Meng posits that the Plaintiff will allow the case to drop rather than post an undertaking.  So long as the reasonable possibility of obtaining judgment against Plaintiff exists, Meng is entitled to have his potential recovery of attorneys' fees and costs secured by Plaintiff, who is not a resident of California, and who has shown no collectable assets in California.

### ii.  The Ninth Circuit's Factors Favor Meng, To The Extent They Are Applicable In This Case.

Meng's desire for security is no "toll-booth" standing between Plaintiff and this Court.  To the contrary, Plaintiff has imposed significant costs and hardship on Plaintiff in the form of extensive post-motion discovery in advance of the hearing on Meng's Special Motion to Strike.  As Meng has a reasonable possibility of prevailing on that motion for the reasons explained within its reply brief and the present motion (ECF 43) – against a non-resident of the United States, no less – he wishes to ensure he is not left holding the bag with tens of thousands of dollars in attorneys' fees and costs.

The three factors Plaintiff identifies from *Simulnet East Associates v. Ramada Hotel Operating Company* originate in a case concerning a bond requirement originating under Nevada law. 37 F.3d 573, 576 (9th Cir. 1994).  These factors, borrowed from the United States Court of Appeals for the First Circuit, include "(i) the degree of probability/improbability of success on the merits, and the background and purpose of the suit; (ii) the reasonable extent of the security to be posted, if any, viewed from the defendant's perspective; and (iii) the reasonable extent of the security to be posted, if any, viewed from the nondomiciliary plaintiff's perspective." *Aggarwal v. Ponce Sch. of Medicine*, 745 F.2d 723, 727-28 (1st Cir.

1984). Plaintiff relies on a lone unpublished decision in extending these factors to the instant dispute in addition to the requirements within California Civil Procedure Code § 1030. *Susilo v. Wells Fargo Bank, N.A.*, Case No. CV 11-1814 (PJWx) *2012 WL 5896577* at *1 (C.D. Cal. Nov. 19, 2012).[2] Because the *Simulnet* case pertained to a specific Nevada statute, rather than § 1030, it is inapposite to this case. The three-factor standard Plaintiff contends should be applied, in addition to the requirements of § 1030, should be disregarded. The Plaintiff's argument is frivolous and misleading.

    Assuming that the factors enunciated in *Simulnet* were to apply to this case, they weigh in favor of requiring Plaintiff to post a substantial undertaking with the Court. First, Meng has a reasonable possibility of success on the merits in the case, which is all that is required under California Civil Procedure Code § 1030(b). If more likelihood is required, the evidence Meng has adduced in support of his Special Motion to Strike (see ECF 39, 43-6 through 43-10) increase the likelihood he will ultimately prevail in this action even if he were to not prevail on his Special Motion to Strike. As more evidence is adduced, it will comport with that on record and show how Meng did not act with actual malice, and that his expression on the Boxun news website was constitutionally protected. Additionally, the "background and purpose" of the suit has been demonstrated repeatedly by Plaintiff's conduct and filings with the Court: To litigate Meng into submission so that he is forced to reveal his sources (*see* ECF 53 ¶ 11), so that the Central Communist Party may retaliate against them for embarrassing China, just as they have with other journalists (ECF 21-1 ¶¶ 14-17, 21-3 ¶¶ 21-27). Given the substantial attorneys' fees and costs this

---

[2] It is also ironic for Plaintiffs to rely on Susilo because it represents the converse situation of this case. In Susilo, a defendant with considerable resources sought a bond from a less formidable plaintiff who sought to prevent the allegedly unlawful foreclosure of her home. *2012 WL 5896577* at *1-2. In this case, a wealthy Plaintiff seeks to avoid payment of a bond to a less wealthy defendant who seeks to vindicate his First Amendment rights under a statute that should allow him to recover his costs and attorneys' fees for successfully defending his right to free speech.

process has imposed and continues to impose upon Meng, Plaintiff's security for these amounts is appropriate.

Second, Plaintiff's security to be posted from the Defendant's perspective should cover his attorneys' fees and costs to date plus anticipated costs and fees. These expenditures shall only rise as litigation progresses. As explained in Section II C, the attorneys' fees and costs Meng has incurred thus far have been reasonable and, in light of Plaintiff's conduct and extensive discovery, necessary.

Third, any reasonable security this Court requires Plaintiff to post shall not present a hardship or burden to Plaintiff. By Plaintiff's own representations, she is a very successful entertainer (ECF 1 ¶¶ 1, 8-9). Her appearance fee for a three-hour event is 1,000,000 RMB (approximately $160,676 in American currency, as reported by Google's currency converter on January 9, 2013)(ECF 51 at 6-7). Even if the Court ordered Plaintiff to pay the full $200,000 Meng seeks as a bond in this action, this would – by Plaintiff's own evidence and admissions – not pose any hardship upon her. To the contrary, such an undertaking would be reasonable, fair, and well within her financial means while preserving the legal rights of Meng as a defendant in this action, which she commenced.

Finally, Plaintiff seeks for Meng to satisfy conditions that are impossible without discovery in order to obtain security under § 1030. Without the benefit of discovery, Meng does not have knowledge as the defendant in this action of Plaintiff's business and personal assets within California beyond her vague representations to the Court about having an "office" within California, and claims that Meng has not shown she does not have attachable assets within California (while refusing to do so herself). Furthermore, nothing in § 1030 excuses an out of state plaintiff on the grounds that she may have assets in California. All that is required is a reasonable possibility of success and an out of state plaintiff. Plaintiff has had an illustrious entertainment career with films grossing hundreds of millions of dollars, and is well-equipped to post a sufficient undertaking with the Court on

-7-

that basis.³ Simultaneously, Meng has produced evidence that his ability to collect any award of attorneys' fees and costs against Plaintiff within China, where she resides and is a citizen (ECF 43-2 ¶¶ 6-10).

Plaintiff's only potential defense to Meng's request for a bond in this case, indigence, is not addressed in her opposition. *Pittman*, 2011 WL at 9160942 *2, *citing Baltayan v. Getemyan*, 90 Cal.App.4th 1427, 1433-34 (Cal. Ct. App. 2004). California's public policy governing bonds under § 1030 is that "access triumphs comfort" in cases of indigency. *Baltayan*, 90 Cal.App.4th at 1442 (Johnson J., concurring). In *Pittman*, the plaintiff - a Tennessee resident – was unable to establish her indigence and show that defendants had a reasonable possibility of obtaining judgment in their favor. *2011 WL at 9160942* at *2. The court therefore denied a waiver from posting a bond for the defendant's attorneys' fees under § 1030. *Id*. Similarly, where Plaintiff in this case has been unable to demonstrate Meng lacks a reasonable possibility of obtaining judgment in his favor, and has belied any claim of indigence she may have been able to make, Meng is entitled to an order requiring Plaintiff to post an appropriate undertaking with the Court. (ECF 1 ¶¶ 1, 8-9, 51 at 6-7)

### iii. Meng's Request for Bond is Reasonable.

Plaintiff's opposition to the reasonableness of Meng's incurred and anticipated attorneys' fees is flawed on two grounds. First, Plaintiff faults Meng for not producing evidence concerning his legal fees that is not required anywhere within § 1030. Second, Plaintiff's objection to the hours Meng's counsel has spent on this case and resulting attorneys' fees is a causal consequence of Plaintiff's conduct. It is unseemly, if not disingenuous, for Plaintiff to extend this case's progress again and again to conduct more discovery (ECF 30, 34, 38, 42) and then

---

³ Despite obliquely suggesting that the Plaintiff has assets in California, the Plaintiff cheekily declines to reveal what they are, or whether they are sheltered in trust or some corporate form.

-8-

complain that Meng wishes to secure his potential entitlement to recover the attorneys' fees and costs incurred in doing so.

The plain language of § 1030(b) requires only that a motion for security be supported by an affidavit that:

> shall set forth the nature and amount of the attorney's fees the defendant has incurred and expects to incur by the conclusion of the action or special proceeding. Cal. Civ. P. Code § 1030(b).

Meng satisfied this condition with his affidavit (ECF 43-2 ¶¶ 11-14). Despite what Plaintiff would lead the Court to believe, there is no requirement for Meng to submit redacted bills, invoices, or any documentation at all. Similarly, it is a matter of public record that courts across the country previously found Randazza Legal Group's rates to be reasonable. *Liberty Media Holdings LLC v. FF Magnat Limited*, Case No. 2:12-cv-01057 *2012 WL at 3834744* *1 (D. Nev. Sept. 4, 2012); *Liberty Media Holdings LLC v. Vinigay.com*, Case No. 2:11-cv-280 *2011 WL 7430062* at *15-16 (D. Ariz. Dec. 28, 2011); *Io Group Inc. v. GLBT Ltd.*, Case No. C-10-1282 *2011 WL 4974337* at *1 (N.D. Cal. Oct. 19, 2011). In light of these prior decisions, the reasonableness of fees incurred by Meng's counsel should not be in consideration.

Plaintiff's incredulity regarding the amount of time Meng's counsel has expended in this action should also be disregarded. Meng filed his motion to dismiss under Fed. R. Civ. P. 12(b)(2) and Special Motion to Strike in August 2012 (ECF 18, 21). In the intervening five months, Plaintiff has conducted extensive discovery on Meng and his experts, which has required the involvement of Meng's counsel in responding to Plaintiff's request, coordinating and attending half-a-dozen depositions, and otherwise responding to this litigation (ECF 30, 34, 38, 42, 43-6- 43-10, 49-2-49-5). Furthermore, the Plaintiff argues that an anti-SLAPP motion should take 50 hours to complete. This may be the case in a state court proceeding, where § 425.16(g) stops discovery and motion practice in its tracks – thus making

cost-abusive practices, like those engaged in by the Plaintiff, an impossibility. In this case, the Plaintiff has deposed Meng three times, and taken three expert depositions,[4] as well as compelling unnecessary motion practice (*see* ECF 43). In consideration of Plaintiff's conduct, it should not be surprising that Meng's counsel expended approximately 300 hours during the approximately six months they have been retained in this matter. If Plaintiff considers Meng's counsel's expenditure of time unreasonable, it is merely in response to Plaintiff's own unreasonable conduct.

### III.  Conclusion

Meng has demonstrated his entitlement to an order directing Plaintiff to post adequate security for his attorneys' fees and costs with the Court in this action. Plaintiff is not a resident of California, and Meng has a reasonable possibility of prevailing in this action. Additional factors, to the extent they are applicable in this action, weigh in favor of Plaintiff securing Meng's attorneys' fees and costs. Plaintiff has not shown any right to an exception from the requirements of § 1030, and as such must provide Meng with the security to which he is entitled under California's Civil Procedure Code.

DATED this 11 day of January, 2013

Respectfully Submitted,

RANDAZZA LEGAL GROUP

/s/ Marc J. Randazza
Marc J. Randazza
Jason A. Fischer
*Attorneys for Defendant,*
*Weican Null Meng*

---

[4] All the while unethically hiding its own experts form the Defendant.

-10-

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I am a representative of Randazza Legal Group and that on this 11 day of January 2013, I caused the document(s) entitled:

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR ORDER REQUIRING PLAINTIFF TO POST AN UNDERTAKING PURSUANT TO CALIFORNIA CIVIL PROCEDURE CODE § 1030 (ECF 43)**

and all attachments to be served by the Court's CM/ECF system.

/s/ Marc J. Randazza
Marc J. Randazza