

ADAM LEBERTHON – State Bar No. 145226
LAW OFFICE OF ADAM LEBERTHON
10250 Constellation Boulevard, 19th Floor
Los Angeles, California  90067
Telephone:  (310) 556-7830
Facsimile:  (310) 556-2920

PATRICIA L. GLASER – State Bar No. 55688
 pglaser@glaserweil.com
ALEXANDER M. KARGHER – State Bar No. 259262
 akargher@glaserweil.com
GLASER WEIL FINK JACOBS
  HOWARD AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 553-3000
Facsimile:  (310) 556-2920

Attorneys for Plaintiff Zhang Ziyi

*Additional counsel listed on next page*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHANG ZIYI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CHINA FREE PRESS, INC., a North Carolina non-profit corporation doing business as BOXUN NEWS; WEICAN NULL MENG, an individual also known as WATSON MENG and also known as WEICAN "WATSON" MENG; DOES 1-25, inclusive,<br><br>Defendants. | CASE NO.: 2:12-cv-05216-JGB (PLA)<br><br>**JOINT REPORT OF FED. R. CIV. P. RULE 26(f) CONFERENCE** |

824152.1

1   JAMES ROSENFELD (*pro hac vice*)
     jamesrosenfeld@dwt.com
2   865 S. Figueroa Street, 24th Floor
    Los Angeles, California 90017
3   Telephone:  (213) 633-6800
    Facsimile:  (213) 663-6899
4
    Attorneys for Defendant China Free Press, Inc.
5

6   MARC J. RANDAZZA – State Bar No. 269535
     mjr@randazza.com
7   RANDAZZA LEGAL GROUP
    3625 S. Town Center Drive
8   Las Vegas, NV 89135
    Telephone:  (888) 667-1113
9   Facsimile:  (305) 437-7662

10  Attorneys for Defendant Weican Null Meng

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

824152.1

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

1    Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule

2  26-1, and the Court's Scheduling Conference Order dated August 21, 2013,

3  plaintiff Zhang Ziyi ("Plaintiff") and defendants China Free Press, Inc. ("China

4  Free Press") and Weican Null Meng (China Free Press and Weican Null Meng

5  shall be referred to collectively as "Defendants"), by and through their counsel of

6  record, conducted the conference of counsel required by Rule 26(f), and hereby

7  submit the following Joint Report.

8  **1.    Statements Of The Case**

9      **A.    Plaintiff's Short Synopsis of the Principal Issues In The Case**

10    This action is necessary to restore the reputation and vindicate the rights of

11  Plaintiff Zhang Ziyi, an international motion picture actress.  Boxun News has

12  repeatedly published reports that she is a prostitute who has earned over $100

13  million by having sexual relations with Chinese government officials and others,

14  and it now accuses her of being a "proxy" for the Chinese government.  The Boxun

15  reports were republished by other media outlets around the world.  Boxun News

16  has since refused to print a retraction and has instead stated publicly that the

17  reports are "believed to be true." But none of the underlying reports are true, and

18  Boxun News never had any legitimate basis to publish them.  It never contacted

19  Ms. Zhang before it published the reports to confirm any of the alleged "facts" or

20  obtain a comment from her.  Boxun News has never even publicly revealed the

21  source of any of the defamatory statements about Ms. Zhang.  Instead, all of the

22  reports were published anonymously and attributed only to unnamed sources.

23  According to the Boxun News website, its mission is to "become the #1 most

24  trusted Chinese online news service by insisting on 'Independence' and

25  'Journalistic Objectivity.'"  Boxun News has apparently abandoned this mission in

26  its quest for salacious headlines at the expense of Ms. Zhang.  She now seeks, *inter*

27  *alia*, general and special damages for the injuries caused to her reputation and

28  business interests.

824152.1

**B.    Defendants' Short Synopsis Of The Principal Issues In The Case**

Defendants maintain that the challenged publications are protected by the First Amendment of the United States Constitution and by applicable statutory privileges, and that Mr. Meng had an adequate basis to publish them about Plaintiff, a public figure, under both relevant law and applicable, standardized journalistic practices.  Mr. Meng further maintains that this case represents not a celebrity seeking genuine redress for a wrong, but an effort by the Chinese government (albeit by proxy) to attack and retaliate against an independent journalistic critic of its brutal and repressive practices, and to use the American judicial system as an instrument to identify dissidents for persecution.  The lawsuit places Mr. Meng in a grave quandary:  if he reveals the sources for his stories, he exposes them to arrest and imprisonment without due process in China, and even torture.  Thus, Plaintiff has placed Meng in a position of defending his constitutional rights to free speech, such as his statements about Plaintiff, or revealing his heretofore anonymous sources and subjecting them to harsh punishments at the hands of the government they seek to rightly criticize.

In addition, China Free Press is not an appropriate party to this lawsuit. China Free Press, founded by Mr. Meng in 2004, is a non-profit organization devoted to promoting free speech and democracy in China by supporting writers and reporters in China.  Since its inception, China Free Press has provided free web hosting to over a dozen well-known websites for Chinese dissidents, which have broken news stories about some of the most prominent newsworthy incidents in China, including the SARS scandal, the avian flu outbreak, and the corruption scandal involving Bo Xilai.  For instance, Boxun has been a major source of uncensored news in China since 2000, regularly covering instances of human rights violations.  However, China Free Press has nothing to do with the content that appears on the sites that it hosts, including the articles at issue in this lawsuit. Yeeka, LLC (the company which publishes Boxun) and China Free Press are

JOINT RULE 26(f) REPORT

824152.1

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

completely separate and have different accounts, books, offices, personnel (other than Mr. Meng), operations and purposes; neither entity controls or manages the other or serves as a "shell" or instrumentality of the other. The Communications Decency Act § 230 immunizes China Free Press from liability for Boxun's content.

## 2.   Subject Matter Jurisdiction

Subject matter jurisdiction in this case is undisputed and is based on diversity of citizenship. Plaintiff is a citizen of China. Mr. Meng is a citizen of the State of North Carolina. China Free Press, Inc. is a North Carolina non-profit corporation.

## 3.   Legal Issues

Following is a listing of some of the key legal issues in this action:

A.    Whether Defendants can be held liable for allegedly defamatory statements published regarding Plaintiff

B.    Whether the statements made about Plaintiff by Defendants are protected by the First Amendment and applicable statutory privileges

C.    Whether, if Plaintiff can demonstrate that the statements at issue are false, she can establish that Defendants acted with the requisite mental state to trigger liability

D.    Whether Defendants can be compelled to identify the sources upon which the statements made about Plaintiff were based

## 4.   Parties, Evidence, Etc.

Following is a listing of some of the parties, witnesses and key documents on the main issues in this case:

Parties --

A.    Zhang Ziyi

B.    Weican Null Meng

C.    Representatives of China Free Press, Inc.

JOINT RULE 26(f) REPORT
824152.1

Third Party Witnesses –

A.      Sources relied upon by Boxun News as the basis for its publications regarding Zhang Ziyi

B.      Ling Lucas

C.      Representatives of Citroen France

D.      Representatives of Michael Kors

E.      Representatives of William Morris Endeavor Entertainment

Documents --

A.      The Boxun publications regarding Plaintiff

B.      Email messages regarding cancellation of job opportunities caused by publication of defamatory statements

**5.      Damages**

Plaintiff alleges that she has suffered approximately $250,000 in special damages in addition to general damages for injury to her reputation.  She also seeks punitive damages.

**6.      Insurance**

There is no insurance coverage for any of the claims asserted against Defendants by Plaintiff.

**7.      Law And Motion Matters**

In addition to the motions previously filed by defendant Weican Null Meng (Rule 12(b)(2) Motion to Dismiss, Special Motion to Strike under California Civil Procedure Code § 415.16, and Motion for Bond under California Civil Procedure Code § 1030), the Parties believe that the following motions will be filed, pursuant to the schedules proposed above:

**A.      Plaintiff's Motions**

In addition to any necessary discovery motions, Plaintiff may move for summary judgment.  Plaintiff reserves her rights to argue by motion any other issue that arises and which cannot be resolved of through a conference of counsel

4

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

1   as provided for under Local Rule 7-3.

2         Finally, Plaintiff contends that this Court should defer any ruling on Meng's

3   pending Special Motion to Strike Under California Civil Procedure Code § 415.16

4   at this time.  On April 17, 2013, the Ninth Circuit entered an order in the action

5   entitled *Tarla Makaeff v. Trump University, LLC*, Ninth Circuit Case No. 11-

6   55016, reversing an order denying a California anti-SLAPP motion filed by the

7   defendant/counter-complainant.  But in separate concurring opinions, Judge

8   Kozinski and Judge Paez characterized the California anti-SLAPP motion is

9   "quintessentially procedural", and they called for the Ninth Circuit to consider *en*

10  *banc* whether federal courts should hear anti-SLAPP motions under *Erie Railroad*

11  *Co. v. Tompkins*.  In response, on April 30, 2013, the counter-claimant in the

12  *Makaeff* action filed a Petition for Rehearing *En Banc*, and that Petition is still

13  pending before the Ninth Circuit.  This Court should defer any ruling on Meng's

14  pending Special Motion to Strike Under California Civil Procedure Code § 415.16

15  until the Ninth Circuit has had an opportunity to address this threshold issue.

16        **B.     Defendants' Motions**

17        In addition to any necessary discovery motions, Defendants may move for

18  summary judgment.  Defendants specifically contemplate making motions for

19  protective orders with respect to the identities of the Defendants' anonymous

20  sources, and responding to Plaintiff's motion or motions to compel, as specified

21  above.  Defendants reserve their rights to argue by motion any other issue that

22  arises and which cannot be resolved of through a conference of counsel as

23  provided for under Local Rule 7-3.

24  **8.     Manual for Complex Litigation**

25        At this time, the Parties do not believe that the procedures set forth in the

26  Manual for Complex Litigation should be utilized in this action at this time.

27  However, some special steps may be required to address discovery of foreign

28  witnesses.

JOINT RULE 26(f) REPORT

824152.1

**9.     Status of Discovery**

To date, the parties have completed limited discovery in connection with the pending motions filed by Defendant Weican Null Meng.  This discovery includes depositions of Weican Null Meng and expert witnesses Mary Hausch and David Ardia.  It also includes the production of documents by Weican Null Meng, Mary Hausch and David Ardia.  The Parties have also made all necessary initial disclosures in accordance with Rule 26.

**10.    Discovery Plan**

**A.     Initial Disclosures**

Plaintiff and Defendants (jointly, the "Parties") have previously made all initial disclosures.

**B.     Preservation of Documents**

The Parties have agreed to preserve all discoverable information, including, without limitation, all documents, electronically stored information, and tangible things, in any way related to the allegations in Plaintiff's Complaint.

**C.     Proposed Discovery Plan**

**1.     Plaintiff's Proposed Discovery Plan**

Plaintiff's Complaint against Defendants asserts claims for (i) libel *per se*, (ii) false light invasion of privacy, (iii) intentional interference with prospective economic advantage, (iv) negligent interference with prospective economic advantage, and (v) unlawful business practices under Cal. Bus. & Prof. Code § 17200.  Plaintiff's claims arise out of Defendants' repeated publication of defamatory reports that Plaintiff is a prostitute who earned in excess $100 million by having sexual relationships with Chinese government officials and others, which reports have been republished by other media outlets around the world.

Plaintiff believes that several categories of discovery are necessary in connection with her claims.  Those categories of discovery include, but are not limited to:  (i) information related to the identity of Defendants' source(s); (ii)

JOINT RULE 26(f) REPORT

824152.1

information related to the relationship between and among the Defendants, and the relationship between Defendants, on the one hand, and www.boxun.com, on the other hand; and (iii) information related to personal jurisdiction.

**Discovery re: Identification of Defendants' Source(s)**

Plaintiff believes that discovery related to the source(s) Defendants relied on when they published these false reports is critical to her case.  With respect to this category of discovery, Plaintiff anticipates seeking discovery regarding, but not limited to, the following subjects:  the identity of Defendants' sources; contact information for Defendants' sources; any efforts by Defendants to verify the information provided by their sources related to the reports they published about Plaintiff; and any efforts by Defendants to verify any other information previously provided by the sources who provided information related to the reports they published about Plaintiff.  Although much of this information should be provided through Initial Disclosures under Fed. R. Civ. P. 26, Defendants have withheld information pertaining to the sources supposedly relied upon for purposes of the publications about Plaintiff.  Plaintiff has offered to enter into an appropriate protective order in an effort to assuage Defendants' concerns about confidentiality, but Defendants continue to refuse to disclose the identity of these important witnesses.  As a result, Plaintiff believes that discovery on this issue likely will require interrogatories, requests for production, requests for admission, depositions, and ultimately may require motion practice.  Nonetheless, Plaintiff will meet and confer with Defendants pursuant to Local Rule 37-1 in an effort to resolve any issues that arise in connection with this category of discovery.

**_Alter Ego_ Discovery re: The Relationship Between Defendants, And Between Defendants And www.boxun.com**

In addition, Plaintiff believes that *alter ego* discovery concerning the relationship between Defendants, on the one hand, and Boxun News, on the other hand, will be necessary.  With respect to this category of discovery, Plaintiff

7

824152.1

anticipates seeking discovery regarding, but not limited to, the following subjects: the relationships between China Free Press and Boxun News; the relationship between China Free Press and Weican Null Meng; the relationship between Weican Null Meng and Boxun News; the management structure of China Free Press; the management structure of Boxun News; the relationship between www.boxun.com and www.boxun.us; the relationships between Weican Null Meng and www.boxun.us; and the relationship between Weican Null Meng and www.chinafreepress.com.  Plaintiff believes that discovery on these issues will require interrogatories, requests for production, requests for admission, depositions, and ultimately may require motion practice.  Nonetheless, Plaintiff will meet and confer with Defendants pursuant to Local Rule 37-1 in an effort to resolve any issues that arise in connection with this category of discovery.

## 2.   Defendants' Proposed Discovery Plan

As a preliminary matter, Defendants maintain that initial discovery, and any further discovery that may occur before a hearing on Defendants' pending motions, should be narrowed to that permitted by the Court to respond to Mr. Meng's motion to dismiss for lack of jurisdiction and Defendants' anti-SLAPP motions.

If Mr. Meng's motions are not successful, Defendants anticipate seeking discovery from Plaintiff including a deposition of her and possibly of third parties, requests for production of documents (including direct or indirect communications with the Chinese government officials mentioned in the articles), interrogatories, and requests for admission relating to damages and to Plaintiff's relationship with the Chinese government officials named in the articles.

Defendants anticipate that the protection of Defendants' sources will be a major issue in the case.  Though Defendants have met and conferred with Plaintiff's counsel, and will continue to do so and negotiate in good faith in an attempt to resolve these issues, Defendants anticipate that motion practice – either a motion to compel or a motion for a protective order – may be necessary.

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

8

1  Defendants believe that revealing their anonymous sources could expose those

2  unnamed sources and their families and associates to real and palpable danger,

3  including but not limited to arrest and imprisonment without due process, and

4  physical abuse without any pretense of due process.  Though this Court can control

5  what happens to witnesses in the United States, it cannot control what happens to

6  them in China.  Defendants anticipate litigation over whether they should, or can,

7  be compelled to reveal their sources.  However, Defendants anticipate such

8  litigation only after their pending motions are decided.

9  **3.   Discovery of Electronically Stored Information and Form of**

10  **Production**

11  The parties have agreed to produce electronic documents in PDF format for

12  electronic review.  Specifically, the parties agree to exchange the following:

13  •    PDF files created from the native files (endorsed with bates numbers

14  and the appropriate confidentiality legend, if any)

15  •    Document text (OCR or extracted from native files to the extent

16  available), in separate TXT file, with file name corresponding to the file name of

17  the TIFF image

18  •    The following extracted metadata from the native files:

19  •    Visible email headers;

20  •    File system metadata to the extent available;

21  •    Application metadata to the extent available; and

22  Plaintiff's counsel has indicated that they use Relativity; however Meng's

23  counsel does not use Relativity.  In the interest of expediency and convenience for

24  both sides, the parties have agreed not to produce load files.

25  **4.   Changes in the Limitations on Discovery and Other Matters**

26  **a.    Electronic Service Agreement**

27  The parties have agreed to electronic service of all documents not filed with

28  the Court in accordance with Fed. R. Civ. P. 5(b)(2)(E), and that three days will be

9

824152.1

added to the deadline to respond in accordance with Fed. R. Civ. P. 6(d).

### b.      Document Translation

Plaintiff and Mr. Meng discussed cost-sharing for the translation of documents written in Mandarin/Cantonese (or other foreign languages) by an independent third party translation service provider.

While the requesting party ordinarily bears the cost of translating documents produced in response to a request, the producing party will want to ensure that the documents do not contain privileged and proprietary information before producing them, and thus also carries the burden of paying for the translations to accomplish this.  Accordingly, instead of the parties respectively paying for two separate, duplicative translations, Plaintiff and Mr. Meng have tentatively agreed to share the cost of one translation to be performed by an independent third party translator that they mutually agree upon using, the rates for which shall be pre-approved by both parties, thereby also eliminating disputes regarding the accuracy of the translations.  The parties will revisit this cost-sharing if China Free Press remains in the case after initial motions.

## 11.   Discovery Cut-Off

The Parties propose June 30, 2014 as the final day for completion of discovery, including resolution of all discovery motions.

## 12.   Expert Discovery

The Parties propose March 31, 2014 as the deadline for initial expert witness disclosures and May 2, 2014 as the deadline for rebuttal expert witness disclosures. Expert discovery June 30, 2014 as the final day for completion of discovery, including resolution of all discovery motions.

## 13.   Dispositive Motions

### A.      Plaintiff

Plaintiff believes that the issue of liability may be determined by motion practice.

JOINT RULE 26(f) REPORT

824152.1

**B.      Defendants**

Defendants believe that the issues of jurisdiction over this case by the Court, liability, and applicable First Amendment defenses and privileges can be determined by motions.  Some of these motions are pending; if they are not successful, these defenses may be supported in dispositive motions filed by the Defendants after further discovery.  In addition, Defendants may seek bifurcation of liability and damages at the time of trial.

**14.      Settlement/Alternative Dispute Resolution (ADR)**

The parties have engaged in limited settlement discussions, but to date they have not been able to reach a negotiated resolution of this matter.  The parties have agreed to submit the action to mediation and are in the process of scheduling a mediation proceeding before Magistrate Judge Margaret Nagle.

**15.      Trial Estimate**

The Parties anticipate a 2 week long jury trial.  Plaintiff anticipates calling approximately 8 witnesses.  Defendants anticipate calling approximately 6 witnesses.

**16.      Trial Counsel**

Patricia Glaser and Adam LeBerthon will try the case for Plaintiff.  Marc Randazza will try the case for Weican Null Meng.  James Rosenfeld will try the case for China Free Press, Inc.  Any additions or substitutions of counsel shall be recorded with the Court.

**17.      Independent Expert or Master**

The Parties do not believe that the appointment of a master or independent scientific expert will be necessary in this case.

**18.      Other Issues**

It may be necessary to conduct discovery in China or other foreign countries.  As a result, discovery could take significantly longer than in cases in which all discovery can be conducted domestically.

JOINT RULE 26(f) REPORT

824152.1

1    Depending on the results of discovery related to Defendants' sources,

2  Plaintiff might add those sources as parties to this dispute.  In addition, depending

3  on the results of discovery related to the relationships between Defendants, on the

4  one hand, and www.boxun.com, on the other hand, Plaintiff might add additional

5  corporate parties including, without limitation, an entity known as Yeeka, LLC.

6  **19.   Amendment Of Pleadings**

7    Depending on the outcome of discovery related to the issues of (i) *alter ego*

8  and (ii) Defendants' sources, Plaintiff may seek leave to amend its pleadings to add

9  additional parties as defendants.  Defendants reserve the right to update and amend

10  their respective answers and affirmative defenses as appropriate.

11

12  DATED:  September 9, 2013        GLASER WEIL FINK JACOBS
                                    HOWARD AVCHEN & SHAPIRO LLP
13
                                    LAW OFFICE OF ADAM LEBERTHON
14

15

16                                  By: /s/ Adam LeBerthon
                                       Attorneys for Plaintiff Zhang Ziyi
17

18                                  DAVIS WRIGHT TREMAINE
19  DATED:  September 9, 2013
                                    By: /s/ James Rosenfield
20                                     JAMES ROSENFIELD
                                       Attorneys for Defendant China Free Press,
21                                     Inc.

22

23                                  RANDAZZA LEGAL GROUP
    DATED:  September 9, 2013
24
                                    By: /s/ Marc J. Randazza
25                                     MARC J. RANDAZZA
                                       Attorneys for Defendant Weican Null
26                                     Meng

27

28

JOINT RULE 26(f) REPORT

824152.1

## SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

| Case No. | 2:12-cv-05216-JGB (PLA) |
|---|---|
| Case Name | Zhang Ziyi v. China Free Press, Inc., et al. |

| Matter | Plaintiff(s) Request mo/day/year | Defendant(s) Request mo/day/year | Court's Order |
|---|---|---|---|
| X  Jury Trial or ☐ Court Trial (Tuesday at 9:00 a.m.)          Length 14 Days | 10/6/14 | 10/6/14 | |
| Final Pretrial Conference [L.R. 16] and Hearing on Motions *In Limine* **(Monday - two (2) weeks before trial date)** | 9/22/14 | 9/22/14 | |
| Last Date to Conduct Settlement Conference | 9/1/14 | 9/1/14 | |
| Last Date to Hear Non-discovery Motions (Monday at 9:00a.m.) | 8/4/14 | 8/4/14 | |

JOINT RULE 26(f) REPORT

824152.1

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

| | | |
|---|---|---|
| All Discovery Cut-Off (including hearing all discovery motions) | 6/30/14 | 6/30/14 |
| Expert Disclosure (Rebuttal) | 5/2/14 | 5/2/14 |
| Expert Disclosure (Initial) | 3/31/14 | 3/31/14 |
| Last Date to Amend Pleadings or Add Parties | 2/3/14 | 2/3/14 |

ADR [L.R. 16-15] Settlement Choice:

☐        Attorney Settlement Officer Panel

☐        Private Mediation

X        Magistrate Judge

14

JOINT RULE 26(f) REPORT

824152.1